■ EUGENE PAINTON et al., Appellants, v COSCO WHOLESALE, INC., Respondent, et al., Defendant. [700 NYS2d 197] —In an action to recover damages for personal injuries the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated October 27, 1998, as granted that branch of the motion of the defendant Cosco Wholesale, Inc., which was to dismiss the plaintiffs' cause of action under Labor Law § 241 (6) insofar as asserted against it and denied their cross motion to amend their bill of particulars to assert a violation of a specific Industrial Code regulation.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Eugene Painton fell to the ground when a

wooden staircase leading from a trailer collapsed when he stepped on it in the act of exiting from the trailer. The trailer was parked on a construction site at which the plaintiff was working as an operating engineer. He was injured and commenced this action against, among others, the defendant Cosco Wholesale Inc., (hereinafter Cosco) which had leased the site to construct a new store. Cosco moved, *inter alia*, to dismiss the plaintiffs' causes of action under Labor Law § 241 (6), contending that the Industrial Code sections relied upon by the plaintiffs were inapplicable to the facts herein. In response, the plaintiffs cross-moved to amend their bill of particulars to add an alleged violation of 12 NYCRR 23-2.7 (b) as a predicate for their cause of action under Labor Law § 241 (6). The Supreme Court granted that branch of Cosco's motion which was to dismiss the plaintiffs' cause of action under Labor Law § 241 (6) and denied the plaintiffs' cross motion for leave to amend their bill of particulars.

Contrary to the plaintiffs' contention, the Supreme Court properly determined that there was no merit to the plaintiffs' proposed amendment. 12 NYCRR 23-2.7 (b) does not apply to the staircase which collapsed here, notwithstanding that both the trailer and the staircase leading up to its door were located on a construction site. Moreover, since the pleadings as they now stand were clearly insufficient to sustain a cause of action under Labor Law § 241 (6), the Supreme Court properly granted Cosco's motion to dismiss that cause of action.

In light of this determination, we need not reach the parties' remaining contentions. Santucci, J. P., Joy, Florio and Luciano, JJ., concur.