■ James Nastasi et al., Appellants-Respondents, v Span, Inc., et al., Respondents-Appellants, et al., Defendants. [778 NYS2d 795]—

Appeal and cross appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, A.J.), entered February

20, 2003. The order, inter alia, granted in part the motion of defendants Span, Inc., The Lathrop Company, Inc. and Guardian Industries Corp. seeking summary judgment dismissing the complaint against them and granted the cross motion of defendant Span, Inc. for leave to amend its answer in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by James Nastasi (plaintiff) when his foot went through a metal step leading to a job site trailer, causing him to fall forward onto the staircase. Supreme Court properly granted that part of the motion of Span, Inc. (Span), The Lathrop Company, Inc. (Lathrop), and Guardian Industries Corp. (Guardian) (collectively, defendants) seeking summary judgment dismissing the Labor Law § 240 (1) claims against them. "[T]he staircase upon which the plaintiff fell was a normal appurtenance to the [trailer] and was not designed as a safety device to protect him from an elevation-related risk" (*Norton v Park Plaza Owners Corp.*, 263 AD2d 531, 532 [1999]). The court also properly granted that part of the motion of defendants seeking summary judgment dismissing the Labor Law § 241 (6) claims against them. In their bill of particulars, plaintiffs allege violations of 13 Industrial Code regulations and 15 regulations promulgated under the Occupational Safety and Health Act. On appeal, however, plaintiffs rely on only three alleged violations of Industrial Code regulations to support their Labor Law § 241 (6) claims, and they are deemed to have abandoned reliance on any other regulations (*see Gampietro v Lehrer McGovern Bovis*, 303 AD2d 996, 998 [2003]). The three regulations at issue are inapplicable to the facts of this case and thus do not support the Labor Law § 241 (6) claims (*see Plump v Wyoming County*, 298 AD2d 886, 887 [2002]; *Painton v Cosco Wholesale,* 267 AD2d 288, 289 [1999]).

The court properly granted that part of defendants' motion seeking summary judgment dismissing the common-law negligence and Labor Law § 200 claims against Guardian, the owner of the project. Guardian established that it exercised no supervision or control over the manner or method of the performance of the work (*see Giglio v St. Joseph Intercommunity Hosp.*, 309 AD2d 1266, 1267, [2003], *amended* 2 AD3d 1485 [2003]), and had no authority to control the allegedly defective condition resulting in plaintiff's injury (*see Piazza v Frank L. Ciminelli Constr. Co.*, 2 AD3d 1345, 1349 [2003]), and plaintiffs failed to raise a triable issue of fact. The court properly denied that part

of defendants' motion seeking summary judgment dismissing the common-law negligence and Labor Law § 200 claims against Lathrop, the general contractor. Lathrop "failed to meet its burden of establishing that [it] did not breach [its] duty to take reasonable care and prudence in securing the safety of the work area" (*Piazza*, 2 AD3d at 1349 [internal quotation marks omitted]).

The court properly exercised its discretion in granting the cross motion of Span seeking leave to amend its answer to allege a defense based upon the special employment doctrine and the exclusivity provision of Workers' Compensation Law § 29 (6). Leave to amend should be freely given where, as here, "the opponent is not surprised or prejudiced by the proposed amendment, and the proposed amendment appears to be meritorious" (*Paolano v Southside Hosp.*, 3 AD3d 524, 524 [2004]; *see* CPLR 3025 [b]). Because discovery has not been conducted with respect to the special employment defense, however, the court properly denied that part of defendants' motion seeking summary judgment dismissing the complaint against Span based upon that defense (*see Barletta v Lewis*, 237 AD2d 238 [1997]; *see also Groves v Land's End Hous. Co.*, 80 NY2d 978, 980 [1992]). Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.