■ Sindee Keese, Appellant, v Imperial Gardens Associates, LLC, et al., Respondents. [828 NYS2d 204]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated July 15, 2005, as granted the motion of the defendant Barillo Landscaping for summary judgment dismissing the complaint insofar as asserted against it and granted those branches of the separate motion of the remaining defendants which were for summary judgment dismissing the complaint insofar as asserted against the defendants Imperial Gardens Associates, LLC, and Westminster Management, L.P.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents ap-

pearing separately and filing separate briefs, the motion of the defendant Barillo Landscaping for summary judgment dismissing the complaint insofar as asserted against it is denied, and those branches of the separate motion of the remaining defendants which were for summary judgment dismissing the complaint insofar as asserted against the defendants Imperial Gardens Associates, LLC, and Westminster Management, L.P., are denied.

The plaintiff claims that she fell on ice when she stepped onto the sidewalk from the parking lot of her sister-in-law's apartment complex owned by the defendant Imperial Gardens Associates, LLC (hereinafter Imperial Gardens). The last major snowfall was about 10 days prior to the accident.

An employee of the managing agent of the premises, the defendant Westminster Management, L.P. (hereinafter Westminster), testified at his deposition that it was standard operating procedure to remove snow from sidewalks and his workers would "remove snow drifts if the snow went into the sidewalks." The snow removal contractor, the defendant Barillo Landscaping, was directed to remove piles of snow from the sidewalks. Westminster's employee acknowledged that about a week before the accident there was a complaint about snow and ice on the sidewalk and parking lot area near the building where the plaintiff fell.

Tom Barillo, the owner of Barillo Landscaping, acknowledged that his work crews "would find any location they can put the snow at where they can pile it as high as they can." He further acknowledged that the snow was piled up on the edge of the sidewalk. The plaintiff's sister-in-law testified at her deposition that the snow removal contractor would plow the snow from the street onto the sidewalks to form mounds of snow.

The Supreme Court granted summary judgment to the owner, managing agent, and snow removal contractor, citing *Tsivitis v Sivan Assoc.* (292 AD2d 594 [2002]), which the court found had "similar facts" to the instant case. In that case, the landowner piled snow into large mounds in the center of a parking lot. The injured plaintiff claimed she fell on a patch of ice which formed from snow melting in the center of the parking lot and refreezing elsewhere in the parking lot "due to temperature fluctuations" (*id.*). This Court found that there was no evidence of negligent snow removal and no evidence that the owner had actual or constructive notice of any dangerous condition.

However, in the instant case, the evidence indicated that snow was placed on the sidewalk contrary to standard operating procedure. The facts of the instant case are more similar to the

facts of *Giamboi v Manor House Owners Corp.* (277 AD2d 201 [2000]). In that case, the evidence indicated that the defendants left mounds of snow on a sidewalk or a curb of a sidewalk where one would expect people to walk. This Court found that the defendants failed to establish as a matter of law that they did not create a dangerous condition.

Barillo Landscaping owed no contractual duty directly to the plaintiff. Nevertheless, it may be held liable if it negligently created or exacerbated a dangerous condition, thus launching an instrumentality of harm *(see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 142 [2002]). Its submissions failed to establish its entitlement to judgment as a matter of law on this issue. Further, Westminster and Imperial Gardens failed to establish as a matter of law that they did not have actual or constructive notice of a dangerous condition. Since these defendants failed to establish their entitlement to judgment as a matter of law, it was unnecessary to consider the sufficiency of the plaintiff's opposing papers *(see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Crane, J.P., Spolzino, Krausman and Goldstein, JJ., concur.