■ GARY A. CAPASSO et al., Respondents, v KLEEN ALL OF AMERICA, INC., et al., Appellants. [842 NYS2d 798]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered December 13, 2006 in a personal injury action. The order granted plaintiffs' motion for partial summary judgment and denied defendants' cross motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the motion for partial summary judgment on liability on the Labor Law § 240 (2) claim and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Gary A. Capasso (plaintiff) when he allegedly fell from a scaffold on premises owned by defendant County of Erie (County). The County had contracted with defendant Kleen All of America, Inc. (Kleen All) to serve as the general contractor on a construction project, and Kleen All had contracted with plaintiff's employer to perform asbestos removal and demolition work.

We conclude that Supreme Court properly granted that part of plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) claim. Plaintiffs established that the scaffold upon which plaintiff was standing inside the elevator shaft lacked a guardrail, that plaintiff fell from the scaffold and

that he lacerated his arm during the fall (*see Keefe v E & D Specialty Stands*, 259 AD2d 994 [1999], *lv dismissed* 93 NY2d 999 [1999], *lv denied* 95 NY2d 761 [2000]). Thus, plaintiffs established that the scaffold "proved inadequate to shield [plaintiff] *from harm directly flowing from the application of the force of gravity*" to his person (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]).

Contrary to the contention of defendants, they failed to raise a triable issue of fact sufficient to defeat that part of plaintiffs' motion on the Labor Law § 240 (1) claim. Although defendants submitted an affidavit and report from one Kleen All employee and a report from another employee, those employees had no firsthand knowledge of the incident and hearsay generally may not be considered in opposition to a motion for summary judgment (*see generally Grasso v Angerami*, 79 NY2d 813 [1991]; *Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). The reports do not fall within the business records exception to the hearsay rule (*see* CPLR 4518 [a]), because there is no indication that the employees who authored the reports had "actual knowledge of the event recorded or [that they] received [the] information from someone within the business who had actual knowledge and was under a 'business duty' to report the event to the maker of the record" (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4518:1; *see generally Matter of Leon RR*, 48 NY2d 117, 122-123 [1979]).

We reject defendants' contention that there is an issue of fact whether plaintiff fell from the scaffold. Although the admissible evidence submitted by defendants establishes that plaintiff's feet remained on the scaffold as plaintiff fell, we conclude that such evidence is insufficient to raise a triable issue of fact whether plaintiff actually fell from the scaffold because his fall was arrested when a coworker standing on the floor outside the elevator shaft caught him.

We conclude, however, that the court erred in granting that part of plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (2) claim, and we therefore modify the order accordingly. That statute requires scaffolds that are "more than twenty feet from the ground or floor" to have safety rails (*id.*). While plaintiffs submitted evidence that the scaffold was more than 50 feet from the bottom of the elevator shaft, they also submitted evidence that the scaffold was no more than six or seven feet from the floor of the elevator. Thus, there is an issue of fact whether Labor Law § 240 (2) was violated.

Finally, we conclude that the court properly denied those parts

of defendants' cross motion for partial summary judgment dismissing the Labor Law § 200 and common-law negligence claims against the County. Defendants failed to establish as a matter of law that the County exercised no supervisory control over the method or manner of the performance of the work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Nastasi v Span, Inc.*, 8 AD3d 1011, 1012 [2004]), that the County had no authority to control the allegedly defective condition of the work site (*see Nastasi*, 8 AD3d at 1012; *Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1349 [2003]), or that the County had no actual or constructive notice of the dangerous condition (*see Militello v New Plan Realty Trust*, 16 AD3d 1092 [2005]; *Riordan v BOCES of Rochester*, 4 AD3d 869, 870-871 [2004]). Present—Gorski, J.P., Smith, Centra, Fahey and Pine, JJ.