■ SHERRYLEE S. WHEATON et al., Respondents-Appellants, v EAST END COMMONS ASSOCIATES, LLC, Also Known as FEIL ORGANIZATION, et al., Respondents-Appellants, and KINGS PARK CONTRACTING, INC., Appellant-Respondent. [854 NYS2d 528]—

In an action to recover damages for personal injuries, etc., the defendant Kings Park Contracting, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.),

dated September 5, 2006, as denied that branch of its motion which was for summary judgment dismissing the cross claim for common-law indemnification insofar as asserted by the defendant East End Commons Associates, LLC, also known as the Feil Organization, the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defendant Kings Park Contracting, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the cross motion of the defendants East End Commons Associates, LLC, also known as the Feil Organization, Broadwall Management Corp., and BJ's Wholesale Club, Inc., which was for summary judgment dismissing the complaint insofar as asserted against the defendants Broadwall Management Corp. and BJ's Wholesale Club, Inc., and the defendants East End Commons Associates, LLC, also known as the Feil Organization, Broadwall Management Corp., and BJ's Wholesale Club, Inc., separately cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant East End Commons Associates, LLC, also known as the Feil Organization and granted that branch of the motion of the defendant Kings Park Contracting, Inc., which was for summary judgment dismissing the cross claim for contribution insofar as asserted by the defendant East End Commons Associates LLC, also known as the Feil Organization.

Ordered that the cross appeals by the defendants Broadwall Management Corp. and BJ's Wholesale Club, Inc., are dismissed, without costs or disbursements, as those defendants are not aggrieved by those portions of the order cross-appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Kings Park Contracting, Inc., and cross-appealed from by the plaintiff and the defendant East End Commons Associates, LLC, also known as the Feil Organization, without costs or disbursements.

Contrary to the plaintiffs' contention, the complaint was properly dismissed insofar as asserted against the defendants Broadwall Management Corp. (hereinafter Broadwall) and BJ's Wholesale Club, Inc. (hereinafter BJ's). Broadwall demonstrated, prima facie, that it was not the managing agent for the defendant East End Commons Associates, LLC, also known as the Feil Organization (hereinafter East End). BJ's demonstrated, prima facie, that it did not own, occupy, or control the parking lot, or put the parking lot to a special use, nor did it

have any obligation to maintain that area (*see Kaufman v Silver,* 90 NY2d 204, 207 [1997]; *Morgan v Chong Kwan Jun,* 30 AD3d 386, 388 [2006]; *DePompo v Waldbaums Supermarket,* 291 AD2d 528 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact with respect to the liability of either of those defendants.

On its cross motion for summary judgment, East End bore the initial burden of establishing its prima facie entitlement to judgment as a matter of law by affirmatively demonstrating the merit of its defense, rather than by pointing to gaps in the plaintiffs' evidence (*see Mondello v DiStefano,* 16 AD3d 637, 638 [2005]). East End failed to meet this burden, since it submitted no evidence showing that the allegedly dangerous condition existed for an insufficient length of time for it to have discovered and remedied it (*see Pearson v Parkside Ltd. Liab. Co.,* 27 AD3d 539 [2006]; *Amidon v Yankee Trails, Inc.,* 17 AD3d 835 [2005]; *Strange v Colgate Design Corp.,* 6 AD3d 422 [2004]; *McCombs v Related Mgt. Co.,* 290 AD2d 681 [2002]). As a result, the burden did not shift to the plaintiffs to raise a triable issue of fact with respect to East End's constructive notice of the allegedly dangerous condition (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]), and the Supreme Court properly denied that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against East End.

The Supreme Court also correctly determined that the defendant Kings Park Contracting, Inc. (hereinafter Kings Park), established its prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against it. A limited contractual undertaking to provide snow removal services generally does not render the contractor liable in tort for the personal injuries of third parties (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136, 141-142 [2002]; *Baratta v Home Depot USA,* 303 AD2d 434, 435-436 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact as to the injured plaintiff's alleged detrimental reliance on Kings Park's continued performance of its contractual obligations, since the injured plaintiff testified at her deposition that she had no knowledge of the snow removal contract (*see Espinal v Melville Snow Contrs.,* 98 NY2d at 142; *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220 [1990]; *Gor v High View Estates Owners Corp.,* 17 AD3d 316, 317 [2005]; *Bugiada v Iko,* 274 AD2d 368, 369 [2000]), nor did the plaintiffs present any evidence that Kings Park launched a force or instrument of harm which created or exacerbated the allegedly hazardous condition (*see Castro v Maple Run Condominium Assn.,* 41 AD3d 412, 413-414

[2007]; *Zabbia v Westwood, LLC,* 18 AD3d 542, 544 [2005]; *cf. Keese v Imperial Gardens Assoc., LLC,* 36 AD3d 666 [2007]).

Kings Park also established its prima facie entitlement to summary judgment dismissing the cross claim for contribution insofar as asserted by East End. In opposition, East End failed to raise a triable issue of fact as to whether Kings Park owed it a duty of reasonable care independent of Kings Park's contractual obligations (*see Roach v AVR Realty Co., LLC,* 41 AD3d 821, 824 [2007]; *Baratta v Home Depot USA,* 303 AD2d at 435; *Phillips v Young Men's Christian Assn.,* 215 AD2d 825, 827 [1995]). As a result, the Supreme Court properly granted that branch of Kings Park's motion which was for summary judgment dismissing the cross claim for contribution insofar as asserted by East End.

The Supreme Court correctly denied that branch of Kings Park's motion which was for summary judgment dismissing the cross claim for common-law indemnification insofar as asserted by East End. Kings Park failed to establish its entitlement to judgment as a matter of law dismissing this cross claim. "[S]ince there are questions of fact as to whether the accident resulted from [Kings Park's] alleged failure to fulfill its obligations pursuant to the terms of the snow removal contract" (*Richter v Hunter's Run Homeowners Assn., Inc.,* 14 AD3d 601, 602 [2005]; *see Mitchell v Fiorini Landscape,* 284 AD2d 313, 314 [2001]), the cross claim for common-law indemnification cannot be resolved as a matter of law (*see Vilorio v Suffolk Y Jewish Community Ctr., Inc.,* 33 AD3d 696, 697 [2006]; *Baratta v Home Depot USA,* 303 AD2d at 435). Spolzino, J.P., Santucci, Angiolillo and Balkin, JJ., concur.