■ BEVERLY LATTIMORE et al., Appellants, v FIRST MINEOLA Co. et al., Respondents. [874 NYS2d 253]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated August 16, 2007, as granted that branch of the motion of the defendants First Mineola Co., Finkelstein Realty, Inc., Lazarus Burman Properties, Inc., and JDHJ Co., LLC, which was for summary judgment dismissing the complaint insofar as

asserted against them, and that branch of the cross motion of the defendant Setauket Contracting Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) from a judgment of the same court dated September 12, 2007, which, upon the order dated August 16, 2007, is in favor of the defendant Setauket Contracting Corp. and against them dismissing the complaint insofar as asserted against that defendant, and, in effect, severed the complaint insofar as asserted against the remaining defendants. The notice of appeal from the order dated August 16, 2007, is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from so much of the order dated August 16, 2007, as granted that branch of the motion of the defendant Setauket Contracting Corp. which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed; and it is further,

Ordered that the order dated August 16, 2007, is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants First Mineola Co., Finkelstein Realty, Inc., Lazarus Burman Properties, Inc., and JDHJ Co., LLC, which was for summary judgment dismissing the complaint insofar as asserted against the defendants First Mineola Co. and Finkelstein Realty, Inc., and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs, payable by the defendants First Mineola Co., Finkelstein Realty, Inc., Lazarus Burman Properties, Inc., and JDHJ Co., LLC; and it is further,

Ordered that the defendant Setauket Contracting Co. is awarded one bill of costs, payable by the plaintiffs.

The appeal from so much of the intermediate order as granted that branch of the motion of the defendant Setauket Contracting Corp. which was for summary judgment dismissing the complaint insofar as asserted against it must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [c]).

The plaintiff Beverly Lattimore allegedly sustained injuries in

an incident that occurred at approximately 11:30 A.M. on December 15, 2003, when she slipped and fell on an icy sidewalk in front of an office building located on First Street in Mineola. The building was owned by the defendant First Mineola Co. and managed by the defendant Finkelstein Realty, Inc., which had hired the defendant Setauket Contracting Corp. to perform snow-removal services at the premises for the winter of 2003-2004. In the order appealed from, the Supreme Court granted the motion of the defendants First Mineola Co., Finkelstein Realty, Inc., Lazarus Burman Properties, Inc., and JDHJ Co., LLC (hereinafter the building defendants), inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and the cross motion of the defendant Setauket Contracting Corp. (hereinafter Setauket), inter alia, for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court properly granted that branch of the motion of the building defendants which was for summary judgment dismissing of the complaint insofar as asserted against the defendants Lazarus Burman Properties, Inc., and JDHJ Co., LLC. The building defendants submitted evidence that the defendant Lazarus Burman Properties, Inc., had previously managed the subject property, but that it had ceased performing that function in 2000 or 2001. The plaintiff did not submit any evidence to the contrary. The building defendants also submitted evidence that the defendant JDHJ Co., LLC, had no connection to the subject property at the time of this occurrence, and that evidence was not controverted by the plaintiffs (*see Wheaton v East End Commons Assoc., LLC,* 50 AD3d 675, 676-677 [2008]).

However, the Supreme Court erred in granting that branch of the motion of the building defendants which was for summary judgment dismissing the complaint insofar as asserted against the defendants First Mineola Co. and Finkelstein Realty, Inc. "An owner of real property, or a party in possession or control thereof, may be liable for a hazardous snow or ice condition existing on the property as a result of the natural accumulation of snow or ice only upon a showing that it had actual or constructive notice of the hazardous condition and that a sufficient period of time elapsed since the cessation of the precipitation to permit the party to remedy the condition" (*Lee-Pack v 1 Beach 105 Assoc., LLC,* 29 AD3d 644, 644 [2006]). The defendants First Mineola Co. and Finkelstein Realty, Inc., failed to demonstrate their prima facie entitlement to judgment as a matter of law, since they failed to present any evidence as to the

condition of the premises or any evidence showing that they lacked constructive notice of the icy condition in the area where the injured plaintiff allegedly fell (*see Wheaton v East End Commons Assoc., LLC,* 50 AD3d at 677; *Amidon v Yankee Trails, Inc.,* 17 AD3d 835, 837 [2005]; *see also Buroker v Country View Estate Condominium Assn., Inc.,* 54 AD3d 795 [2008]; *see generally Zuckerman v City of New York,* 49 NY2d 557 [1980]). Since the defendants First Mineola Co. and Finkelstein Realty, Inc., did not meet their burden, there is no need to address the sufficiency of the plaintiffs' submissions in opposition to that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them (*see Hutchinson v Medical Data Resources, Inc.,* 54 AD3d 362, 363 [2008]; *Carthans v Grenadier Realty Corp.,* 38 AD3d 489 [2007]). Moreover, as the plaintiffs contend, since there is no evidence in the record as to the contract between First Mineola Co. and Finkelstein Realty, Inc., it cannot be determined whether the defendant Finkelstein Realty, Inc., assumed a duty of care to the plaintiff that displaced the duty of the defendant First Mineola Co. (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136, 140 [2002]).

Finally, the Supreme Court properly granted the branch of Setauket's motion which was for summary judgment dismissing the complaint insofar as asserted against it. "A contractor or subcontractor's limited contractual undertaking to provide snow removal services generally does not give rise to a duty of care to persons not a party to the contract, absent evidence that the contractor or subcontractor assumed a comprehensive maintenance obligation, created or exacerbated a dangerous condition or launched a force or instrument of harm, or that the plaintiff detrimentally relied on the contractor's continued performance of its obligation" (*Georgotas v Laro Maintenance Corp.,* 55 AD3d 666, 667 [2008]; *see Espinal v Melville Snow Contrs.,* 98 NY2d at 140; *Wheaton v East End Commons Assoc., LLC,* 50 AD3d at 677). In opposition to Setauket's motion, the plaintiffs contended that the evidence raised issues of fact as to whether the defendant Setauket assumed a comprehensive and exclusive maintenance obligation at the premises. However, the defendant Setauket established, prima facie, that it did not assume a comprehensive and exclusive maintenance obligation at the premises. Pursuant to the verbal contract between Setauket and Finkelstein Realty, Inc., the property manager, Setauket was required to perform snow removal only upon an accumulation of at least two inches of snow, and to apply salt or sand upon a lesser accumulation. There was also evidence that the property manager inspected the work performed by Setauket

and reserved the right to require it to return to the property if its work was deemed unsatisfactory. Further, the property manager, Finkelstein Realty, Inc., retained general responsibility for the maintenance of the premises. That evidence established, prima facie, that Setauket did not assume a comprehensive and exclusive maintenance obligation at the premises (*see Espinal v Melville Snow Contrs.,* 98 NY2d at 140; *Georgotas v Laro Maintenance Corp.,* 55 AD3d at 667; *Wheaton v East End Commons Assoc., LLC,* 50 AD3d at 677). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Setauket assumed a comprehensive maintenance obligation giving rise to a duty of care to third parties (*see Espinal v Melville Snow Contrs.,* 98 NY2d at 141; *Linarello v Colin Serv. Sys., Inc.,* 31 AD3d 396, 397 [2006]; *Mahaney v Neuroscience Ctr.,* 28 AD3d 432, 433 [2006]; *Parker v Rust Plant Servs., Inc.,* 9 AD3d 671, 673-674 [2004]; *Torella v Benderson Dev. Co.,* 307 AD2d 727, 728 [2003]). Accordingly, the Supreme Court properly granted that branch of Setauket's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Santucci, Balkin and Eng, JJ., concur.