OPINION OF THE COURT
Mastro, J.P
The instant appeal presents us with an opportunity to discuss and clarify what a snow removal contractor must show to establish its prima facie entitlement to summary judgment.
The plaintiff allegedly sustained personal injuries when she slipped and fell on snow and ice in the driveway/parking lot area of the cooperative complex where she resides. The complex *212 is owned by the defendant North and South Lewis Place Owners Corp. and managed by the defendant Herbert Slepoy Corp. (hereinafter together the owners). Pursuant to a long-standing oral agreement with Herbert Slepoy Corp., the defendant Kerry Clancy performed snowplowing services for the driveway/ parking lot areas at the complex, and had done so on the day of the plaintiffs accident, although he had not applied salt or sand to the area after plowing.
The plaintiff commenced this action against the defendants, alleging, inter alia, that Clancy was negligent in his performance of snow removal services. The owners cross-claimed against Clancy for contribution, contractual indemnification, and common-law indemnification based in part on his alleged unspecified “affirmative negligence.” In a subsequent bill of particulars, the plaintiff generally alleged that Clancy had created the condition on which she fell or permitted it to exist by failing to properly remove it and by failing to apply salt or sand to the area. She claimed that Clancy “actively created and/or caused said dangerous condition to exist by not properly removing all of the snow and ice in the parking lot/driveway.”
Following the completion of discovery, Clancy moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, contending that he merely had a limited agreement to perform snow clearing services at the premises, which did not give rise to a duty of care running from him to the plaintiff and, thus, precluded recovery by the plaintiff against him under a negligence theory. He further maintained that no cross claim for contribution or indemnification could lie against him under the circumstances of the case.
In opposing the motion, the owners acknowledged that Clancy’s snowplowing contract was not with the plaintiff and that the performance of such services ordinarily would not give rise to tort liability to a third party such as the plaintiff. However, they argued that Clancy nevertheless failed to sustain his prima facie burden because he had not made an additional showing eliminating any potential issues of fact as to whether he launched a force or instrument of harm by performing his snowplowing activities, or whether the oral agreement constituted a comprehensive property maintenance contract by which he assumed the owners’ duty to maintain the premises in a safe condition. In any event, they contended that they had succeeded in raising triable issues of fact with respect to these matters.
The plaintiff also opposed Clancy’s motion, similarly contending that Clancy failed to negate all factual issues as to whether *213 he had launched a force or instrument of harm or had entered into a comprehensive and exclusive property maintenance contract. Furthermore, the plaintiff claimed that she detrimentally relied, “albeit unknowingly,” upon Clancy’s proper performance of his contractual snowplowing duties. As the owners did, the plaintiff also insisted that triable questions of fact existed with regard to these issues.
In reply, Clancy insisted that his mere failure to remove all of the snow and ice by plowing did not create or exacerbate a dangerous condition, that the snowplowing agreement did not constitute a comprehensive maintenance contract because the owners’ personnel still performed some snow clearing activities in the driveway/parking lot area, and that the plaintiff could not have detrimentally relied on his contractual services because the plaintiff testified at her deposition that she was not even aware of Clancy or the agreement.
In the order appealed from, the Supreme Court denied Clancy’s motion in its entirety, finding that an issue of fact existed with regard to whether Clancy was required to apply salt or sand to the driveway/parking lot area as part of Ms contractual duties. We now modify by granting Clancy’s motion for summary judgment to the extent of dismissing the complaint and the cross claims for contribution and contractual indemnification insofar as asserted against him.
In Espinal v Melville Snow Contrs. (98 NY2d 136, 138 [2002]), the Court of Appeals held that “a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party.” However, the Court identified three exceptions to the general rule, pursuant to which
“a party who enters into a contract to render services may be said to have assumed a duty of care— and thus be potentially liable in tort—to third persons: (1) where the contracting party, in fMling to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party’s duties and (3) where the contracting party has entirely displaced the other party’s duty to maintain the premises safely” (id. at 140 [internal quotation marks and citations omitted]; see Church v Callanan Indus., 99 NY2d 104, 111-112 [2002]; Folkl v McCarey Landscaping, Inc., 66 AD3d 825 [2009]; *214 Crosthwaite v Acadia Realty Trust, 62 AD3d 823, 824 [2009]).
Contrary to the contentions of the owners and the plaintiff, Clancy demonstrated his prima facie entitlement to judgment as a matter of law under the circumstances of this case merely by coming forward with proof that the plaintiff was not a party to his oral snow removal contract and that he therefore owed no duty of care to the plaintiff (see Wheaton v East End Commons Assoc., LLC, 50 AD 3d 675, 677 [2008]; Baratía v Home Depot USA, 303 AD2d 434, 434-435 [2003]). Although he, in fact, did so, Clancy was not required to negate the possible applicability of any of the three exceptions set forth in Espinal v Melville Snow Contrs. (98 NY2d at 140) and its progeny as part of his prima facie showing, since the plaintiff never alleged facts in her complaint or in her bill of particulars which would establish that any of those exceptions applied herein. While the owners and the plaintiff cite to numerous decisions which held that snow removal contractors had to meet their prima facie burdens on their motions for summary judgment by demonstrating the inapplicability of one or more of the Espinal exceptions (see e.g. Lattimore v First Mineola Co., 60 AD3d 639, 642-643 [2009]; Georgotas v Laro Maintenance Corp., 55 AD3d 666, 667 [2008]; Keese v Imperial Gardens Assoc., LLC, 36 AD3d 666, 667-668 [2007]), the prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Linarello v Colin Serv. Sys., Inc., 31 AD3d 396, 397 [2006]; Dappio v Port Auth. ofN.Y. & N.J., 299 AD2d 310, 311-312 [2002]). Here, Clancy made the requisite prima facie showing based on the plaintiffs allegations, and the burden shifted to the plaintiff to come forward with evidence sufficient to raise a triable issue of fact as to the applicability of one or more of the three Espinal exceptions. The plaintiff failed to sustain this burden.
In opposition to Clancy’s prima facie showing, the plaintiff failed to establish a triable issue of fact as to whether the subject snow removal contract was a comprehensive and exclusive agreement which entirely displaced the owner’s duty to maintain the premises in a safe condition (see Espinal v Melville Snow Contrs., 98 NY2d at 141; Linarello v Colin Serv. Sys., Inc., 31 AD3d at 397). In this regard, while the subject contract *215 placed the obligation for clearing snow and ice from the driveway/parking lot area primarily on Clancy, the deposition testimony of both the principal of the property management company and the superintendent of the premises was that if a complaint about snow or ice in the driveway/parking lot area were received, maintenance personnel employed by the property owner would either direct Clancy to return to the property to perform additional work or would remedy the condition themselves. Accordingly, Clancy did not completely displace the owners’ duty of care to maintain the subject area in a safe condition.
Similarly, the owners and the plaintiff did not raise a triable issue of fact as to whether Clancy so failed to exercise reasonable care in the performance of his duties that he launched a force or instrument of harm by creating or exacerbating the snow and ice condition (see Espinal v Melville Snow Contrs., 98 NY2d at 140). Indeed, by merely plowing the snow in accordance with the contract and leaving some residual snow or ice on the plowed area, Clancy cannot be said to have created a dangerous condition and thereby launched a force or instrument of harm (see Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 361 [2007]; Espinal v Melville Snow Contrs., 98 NY2d at 142). Moreover, a claim that a contractor exacerbated an existing condition requires some showing that the contractor left the premises in a more dangerous condition than he or she found them (see e.g. Figueroa v Lazarus Burman Assoc., 269 AD2d 215, 217 [2000]). Therefore, even if Clancy had the obligation to apply salt or sand to the driveway/parking lot area after plowing, the owners and the plaintiff have offered nothing more than speculation that the failure to perform that duty rendered the property less safe than it was before Clancy started his work (see Church v Callanan Indus., 99 NY2d at 112; Crosthwaite v Acadia Realty Trust, 62 AD3d at 825).
Likewise, the plaintiff’s claim in her opposition papers of detrimental reliance upon Clancy’s proper performance of his contractual duties is unavailing, since the plaintiff herself testified that she had no idea who performed snowplowing services, and there was no evidence that she had any knowledge of any agreement whereby snow removal services were conducted at the premises (see e.g. Wheaton v East End Commons Assoc., LLC, 50 AD3d 675, 677 [2008]; Castro v Maple Run Condominium Assn., 41 AD3d 412, 413 [2007]; Dorestant v Snow, Inc., 274 AD2d 542, 543 [2000]; Bugiada v Iko, 274 AD2d 368, 369 [2000]).
*216 Since there is no evidence that Clancy either owed a duty of reasonable care to the plaintiff or a duty of reasonable care independent of his contractual obligations to the owners, the owners’ cross claim for contribution also should have been dismissed (see Wheaton v East End Commons Assoc., LLC, 50 AD3d at 678; Roach v AYR Realty Co., LLC, 41AD3d.821, 824 [2007]; Baratia v Home Depot USA, 303 AD2d 434 [2003]). Furthermore, since there was no evidence that Clancy ever agreed to indemnify the owners, summary judgment dismissing the cross claim for contractual indemnification should have been granted, as well (see Corley v Country Squire Apts., Inc., 32 AD3d 978 [2006]).
However, the Supreme Court correctly denied that branch of Clancy’s motion which was for summary judgment dismissing the owners’ cross claim for common-law indemnification. Since there are disputed issues regarding whether Clancy was required to apply salt or sand to the driveway/parking lot area as part of his duties under the oral snow removal contract and, if so, whether his negligent failure to do so was the sole cause of the plaintiff’s accident, the cross claim for common-law indemnification remains viable (see Wheaton v East End Commons Assoc., LLC, 50 AD3d at 678; Curreri v Heritage Prop. Inv. Trust, Inc., 48 AD3d 505, 507 [2008]; Peycke v Newport Media Acquisition II, Inc., 17 AD3d 338, 339 [2005]; Baratia v Home Depot USA, 303 AD2d at 435).
Accordingly, the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendant Kerry Clancy which were for summary judgment dismissing the complaint and the cross claims for contribution and contractual indemnification insofar as asserted against him, and substituting therefor provisions granting those branches of the motion, and by adding a provision thereto converting the cross claim for common-law indemnification asserted against the defendant Kerry Clancy into a third-party claim for common-law indemnification against him.
Fisher, Belen and Austin, JJ., concur.
Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendant Kerry Clancy which were for summary judgment dismissing the complaint and the cross claims for contribution and contractual indemnification insofar as asserted against him, and substituting therefor provisions granting those branches of the motion, and by adding a provision thereto converting the *217 cross claim for common-law indemnification asserted against the defendant Kerry Clancy into a third-party claim for common-law indemnification against him; as so modified, the order is affirmed, with one bill of costs to the appellant payable by the respondents appearing separately and filing separate briefs.