■ BRUCE ABRAMOWITZ, Respondent, v HOME DEPOT USA, INC., et al., Respondents, and ALL SEASONS PROPERTY MANAGEMENT, INC., Appellant. [912 NYS2d 639]—

In an action to recover damages for personal injuries, the defendant All Seasons Property Management, Inc., appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated February 9, 2010, which denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and, in effect, denied that branch of its motion which was to dismiss all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying that branch of the motion of the defendant All Seasons Property Management, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and, in effect, denying that branch of the motion which was to dismiss the cross claims for contribution insofar as asserted against it, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, with one bill of costs to the appellant payable by the respondents appearing separately and filing separate briefs.

The plaintiff allegedly sustained personal injuries when he slipped and fell on ice in the parking lot abutting certain premises occupied by the defendant Home Depot USA, Inc. (hereinafter Home Depot). Thereafter, he commenced this action against Home Depot, Blumenfeld Development Group, Ltd. (hereinafter Blumenfeld), which managed the premises, and All Seasons Property Management, Inc. (hereinafter ASPM), which, inter alia, provided snow removal services. Home Depot and Blumenfeld asserted cross claims against ASPM for contribution and common-law and contractual indemnification.

Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). However, a party who enters into a contract to render services may be said to have assumed a duty of care, and thus be potentially liable in tort to third persons where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely (see Espinal v Melville Snow Contrs, 98 NY2d at 140).

The Supreme Court should have granted that branch of ASPM's motion which was for summary judgment dismissing the complaint insofar as asserted against it. ASPM demonstrated its prima facie entitlement to judgment as a matter of law by submitting proof that its limited contractual undertaking to provide snow removal services did not render it liable in tort for the plaintiff's personal injuries (see Foster v Herbert Slepoy Corp., 76 AD3d 210 [2010]; Wheaton v East End Commons Assoc., LLC, 50 AD3d 675 [2008]; Baratta v Home Depot USA, 303 AD2d 434 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether ASPM entirely displaced the owner's duty to maintain the premises in a safe

condition (*see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579 [1994]; *Linarello v Colin Serv. Sys., Inc.*, 31 AD3d 396 [2006]). In opposition to ASPM's prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether he detrimentally relied on ASPM's continued performance of its duty (*see Foster v Herbert Slepoy Corp.*, 76 AD3d 210 [2010]; *Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675 [2008]; *Castro v Maple Run Condominium Assn.*, 41 AD3d 412 [2007]; *Bugiada v Iko*, 274 AD2d 368, 369 [2000]), or as to whether ASPM "launched a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see Foster v Herbert Slepoy Corp.*, 76 AD3d 210 [2010]; *cf. Schwint v Bank St. Commons, LLC*, 74 AD3d 1312 [2010]).

The Supreme Court also should have granted that branch of ASPM's motion which was for summary judgment dismissing the cross claims for contribution insofar as asserted against it, since there was no evidence that ASPM either owed a duty of reasonable care to the plaintiff or a duty of reasonable care independent of its contractual obligations to the owner (*see Wheaton v East End Commons Assoc., LLC*, 50 AD3d at 678; *Roach v AVR Realty Co., LLC*, 41 AD3d 821, 824 [2007]). However, the Supreme Court correctly, in effect, denied those branches of ASPM's motion which were for summary judgment dismissing the cross claims for common-law and contractual indemnification. With respect to the common-law indemnification cross claim, a triable issue of fact exists as to whether the plaintiff's injuries were attributable to the negligence or nonperformance of an act that was solely within the province of ASPM (*see Foster v Herbert Slepoy Corp.*, 76 AD3d 210 [2010]; *Wheaton v East End Commons Assoc., LLC*, 50 AD3d at 678; *Vilorio v Suffolk Y Jewish Community Ctr., Inc.*, 33 AD3d 696 [2006]). With respect to the contractual indemnification cross claim, a triable issue of fact exists as to whether ASPM breached the relevant contract by failing to perform one or more of the services for which it was retained (*see Baratta v Home Depot USA*, 303 AD2d 434 [2003]). Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.