In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Lubell, J.), dated December 15, 2010, as granted that branch of the motion of the defendants Whispering Hills Condominium I and Whispering Hills Homeowners Association, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them, and granted that branch of the separate motion of the defendant Hudson Valley Landscaping M&E Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Hudson Valley Landscaping M&E Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On December 24, 2007, the plaintiff allegedly slipped and fell on ice in the roadway near a landscape circle between the 1900 and 2000 condominium units at Whispering Hills Condominium in Chester. The plaintiff commenced this action against Whispering Hills Condominium I and Whispering Hills Homeowners Association, Inc. (hereinafter together Whispering Hills), the alleged owners and managers of the condominium complex, and Hudson Valley Landscaping M&E Inc. (hereinafter Hudson Valley), which had contracted with Whispering Hills to remove snow and ice from the premises.
“A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice thereof5 (Robinson v Trade Link Am., 39 AD3d 616, 616-617 [2007]; see Zabbia v Westwood, LLC, 18 AD3d 542, 544 [2005]). Here, Whispering Hills satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law by demonstrating that it did not create the alleged icy condition, nor have actual or constructive notice of it *722 (see Torosian v Bigsbee Vil. Homeowners Assn., 46 AD3d 1314, 1315 [2007]; Murphy v 136 N. Blvd. Assoc., 304 AD2d 540 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
As a general rule, a limited contractual obligation to provide snow removal services does not render the contractor liable in tort for the personal injuries of third parties (see Wheaton v East End Commons Assoc., LLC, 50 AD3d 675, 677 [2008]). However, in Espinal v Melville Snow Contrs. (98 NY2d 136 [2002]), the Court of Appeals identified three situations where a party who enters into a contract to render services may be said to have assumed a duty of care and thus be potentially liable in tort to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of its duties, launches an instrument of harm or creates or exacerbates a hazardous condition, (2) where the plaintiff detrimentally relies on the continued performance of the contracting party’s duties, and (3) where the contracting party has entirely displaced the other party’s duty to maintain the premises safely (id. at 140).
Here, the plaintiff alleged facts in both her complaint and her bill of particulars in support of her allegation that Hudson Valley created the dangerous condition that caused her to slip and fall. Thus, in support of its motion for summary judgment, Hudson Valley was required to establish, prima facie, that it did not create the alleged dangerous condition (see Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2010]). Hudson Valley failed to make such a showing. The evidence submitted indicated that Hudson Valley piled snow approximately three feet high onto the landscape circle, which was on an incline above the roadway. Unlike marked lawn areas or fields at the condominium, this area, near where condominium residents parked their vehicles, was not a designated area for piling snow. As temperatures fluctuated above and below the freezing point, water ran off the snow pile and into the roadway, where it froze. Hudson Valley, which inspected the subject premises on a daily basis, indicated that it was concerned about the freezing of resultant runoff. Under these circumstances, triable issues of fact exist as to whether the ice on which the plaintiff allegedly slipped and fell may have been formed by Hudson Valley’s snow removal efforts (see Elsey v Clark Trading Corp., 57 AD3d 1330, 1332 [2008]; Smith v County of Orange, 51 AD3d 1006 [2008]; Torosian v Bigsbee Vil. Homeowners Assn., 46 AD3d at 1316; Ricca v Ahmad, 40 AD3d 728, 729 [2007]; Keese v Imperial Gardens Assoc., LLC, 36 AD3d 666, 667-668 [2007]; Vargas v Central Parking Sys., 35 AD3d 255 [2006]).
*723 Accordingly, while the Supreme Court properly granted that branch of the motion of Whispering Hills which was for summary judgment dismissing the complaint insofar as asserted against it, it should have denied that branch of the motion of Hudson Valley which was for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Balkin, Belen and Chambers, JJ., concur. [Prior Case History: 2010 NY Slip Op 33547(U).]