■ KATIE SARISOHN, Respondent, v PLAZA REALTY SERVICES, INC., Appellant. [971 NYS2d 115]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated October 3, 2011, as granted that branch of the plaintiff's motion which was, in effect, for summary judgment on the issue of liability, and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when she slipped and fell while walking on a sidewalk in a pharmacy parking lot. The plaintiff commenced this action to recover damages for personal injuries against the defendant, which had entered into an agreement with the property owner, inter alia, to perform snow removal at the subject premises. The plaintiff claimed that her accident and resulting injuries were caused by the defendant's negligent snow and ice removal at the site. She subsequently moved, inter alia, in effect, for summary judgment on the issue of liability. The defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court granted that branch of the plaintiff's motion and denied the defendant's cross motion.

"As a general rule, a limited contractual obligation to provide snow removal services does not render the contractor liable in tort for the personal injuries of third parties" (*Gushin v Whispering Hills Condominium I*, 96 AD3d 721, 722 [2012]; *see Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675, 677 [2008]). "However, in *Espinal v Melville Snow Contrs.* (98 NY2d 136 [2002]), the Court of Appeals identified three situations where a party who enters into a contract to render services may be said to have assumed a duty of care and thus be potentially liable in tort to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of its duties, launches an instrument of harm or creates or exacerbates a hazardous condition, (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties, and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely (*id*. at 140)" (*Gushin v Whispering Hills Condominium I*, 96 AD3d at 722).

Here, the plaintiff demonstrated her prima facie entitlement

to judgment as a matter of law on the issue of liability through the submission, inter alia, of the deposition testimony of the defendant's principal, George Ciurleo. Contrary to the defendant's contentions, Ciurleo's testimony demonstrated, relevant to the third *Espinal* factor, that the defendant's oral agreement with the property owner constituted a comprehensive and exclusive contractual obligation for the defendant to maintain the exterior of the subject premises and to clear the parking lot and walkways of snow and ice. This was sufficient to support a duty of care running from the defendant to the plaintiff based on the defendant's displacement of the property owner's duty to maintain the premises safely (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 136; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579 [1994]; *Riley v ISS Intl. Serv. Sys.*, 5 AD3d 754, 756-757 [2004]). Furthermore, the evidence tendered by the plaintiff demonstrated, prima facie, that the defendant breached its duty in the performance of its snow and ice removal duties. The evidence demonstrated that the defendant had notice of the condition which allegedly caused the plaintiff to fall, and a reasonable amount of time to remedy the condition after the storm had ended, as Ciurleo acknowledged that the defendant had removed snow and ice from other portions of the subject premises several hours prior to the plaintiff's fall, but did not clear snow from the sidewalk on which the plaintiff fell or apply an ice-melting agent thereto until the following day (*see Molnoski v Target Corp.*, 2011 NY Slip Op 32653[U] [Sup Ct, Nassau County 2011]; *see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Smilowitz v GCA Serv. Group, Inc.*, 101 AD3d 1101 [2012]).

In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, the defendant failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was, in effect, for summary judgment on the issue of liability, and properly denied the defendant's cross motion for summary judgment dismissing the complaint.

In light of our determination, we need not reach the defendant's remaining contentions. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.