■ SAYDA VILLON, Plaintiff, v TOWN SPORTS INTERNATIONAL LLC et al., Defendants. BROADWAY-HAWTHORNE LLC, Third-Party Plaintiff-Respondent, v LAWN GUARD INC., Doing Business as YORKTOWN LANDSCAPING, Third-Party Defendant-Appellant. [10 NYS3d 209]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered May 8, 2014, which, upon reargument, denied defendant/third-party defendant's (Lawn Guard) motion for summary judgment dismissing the cross claims and/or third-party claims for contractual and common-law indemnification, unanimously modified, on the law, to grant the motion as to the claim for contractual indemnification, and otherwise affirmed, without costs.

The contract between defendant/third-party plaintiff (Hawthorne) and Lawn Guard did not contain an indemnification provision. However, summary dismissal of Hawthorne's common-law indemnification claim against it is precluded by triable issues of fact whether Hawthorne or Lawn Guard was responsible for inspecting the property, whether Lawn Guard was contractually obligated to apply salt or sand to the parking lot area, and, if so, whether its negligent failure to do so was the sole cause of plaintiff's accident (*see Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 216 [2d Dept 2010]; *Abramowitz v Home Depot USA, Inc.*, 79 AD3d 675, 677 [2d Dept 2010]).

We reject Lawn Guard's argument that it cannot be held responsible because plaintiff is bound by her judicial admissions that the cause of her accident was "old" ice, since issues of fact exist as to the scope and performance of Lawn Guard's contractual obligations in the period following the earlier snow storm.

We decline to consider Hawthorne's argument, improperly raised for the first time on appeal, that Lawn Guard's motion for summary judgment was procedurally defective. Concur—Mazzarelli, J.P., Friedman, Sweeny, Gische and Kapnick, JJ.