Beltran v Waterfront Hous. Dev. Fund Corp. (2022 NY Slip Op 00564)





Beltran v Waterfront Hous. Dev. Fund Corp.


2022 NY Slip Op 00564


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


824 CA 20-00696

[*1]JORGE BELTRAN, PLAINTIFF-RESPONDENT,
v
WATERFRONT HOUSING DEVELOPMENT FUND CORP., WATERFRONT PHASE I LLC, NORSTAR BUILDING CORPORATION, S.A.B. SPECIALTIES, LLC, DEFENDANTS-APPELLANTS, ET AL., DEFENDANT. - S.A.B. SPECIALTIES, LLC, THIRD-PARTY PLAINTIFF-APPELLANT-RESPONDENT, 
 BLAS ZUNIGA BUILDERS, LLC, THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (DAVID M. KATZ OF COUNSEL), FOR DEFENDANTS-APPELLANTS AND THIRD-PARTY PLAINTIFF-APPELLANT-RESPONDENT.
LAW OFFICES OF THOMAS W. BENDER, ORCHARD PARK (THOMAS W. BENDER OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT. 
 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered May 14, 2020. The order, among other things, denied the motion of defendants-appellants and third-party plaintiff for summary judgment and denied in part the cross motion of third-party defendant to dismiss the third-party complaint. 
It is hereby ORDERED that said appeal insofar as taken by defendants Waterfront Housing Development Fund Corp., Waterfront Phase I LLC, and Norstar Building Corporation is dismissed and the order is modified on the law by granting the motion, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this negligence and Labor Law action against defendants to recover damages for injuries he allegedly sustained while working on a construction project on land owned by defendants Waterfront Housing Development Fund Corp. and Waterfront Phase I LLC (Waterfront defendants). Defendant Norstar Building Corporation (Norstar) was the general contractor, defendant-third-party plaintiff S.A.B. Specialties, LLC (S.A.B.) was a subcontractor of one of Norstar's subcontractors, and third-party defendant was a subcontractor of S.A.B. S.A.B. thereafter commenced a third-party action against third-party defendant for, inter alia, contractual indemnification. In the main action, plaintiff moved for partial summary judgment on liability pursuant to Labor Law § 240 (1), and the Waterfront defendants, Norstar (collectively, defendants) and S.A.B. cross-moved for summary judgment dismissing the complaint against S.A.B. In the third-party action, defendants and S.A.B. moved for summary judgment on the contractual indemnification cause of action, and third-party defendant cross-moved for summary judgment dismissing the amended third-party complaint. In [*2]appeal No. 1, defendants and S.A.B. appeal and third-party defendant cross-appeals from an order that, inter alia, denied the motion of defendants and S.A.B. in the third-party action and that denied the cross motion of third-party defendant in part. In appeal No. 2, defendants, S.A.B., and third-party defendant appeal from an order that granted plaintiff's motion and that denied the cross motion of defendants and S.A.B.
Addressing first appeal No. 2, we note that the appeal by third-party defendant must be dismissed because third-party defendant is not aggrieved by the order in that appeal (see Reece v J.D. Posillico, Inc., 164 AD3d 1285, 1285-1286 [2d Dept 2018]; Zalewski v MH Residential 1, LLC, 163 AD3d 900, 900-901 [2d Dept 2018]; see generally CPLR 5511). Moreover, we note that defendants are aggrieved by the order in appeal No. 2 insofar as it grants plaintiff's motion but not insofar as it denies S.A.B.'s cross motion (see Thome v Benchmark Main Tr. Assoc., LLC, 86 AD3d 938, 939 [4th Dept 2011]; Wheaton v East End Commons Assoc., LLC, 50 AD3d 675, 676 [2d Dept 2008]; see generally CPLR 5511). With respect to the merits, we conclude that Supreme Court properly granted plaintiff's motion inasmuch as plaintiff met his initial burden, and defendants and S.A.B. failed to raise a triable issue of material fact in opposition (see Fernandez v BBD Developers, LLC, 103 AD3d 554, 555-556 [1st Dept 2013]; Capasso v Kleen All of Am., Inc., 43 AD3d 1346, 1346-1347 [4th Dept 2007]). Furthermore, the court properly denied the cross motion because S.A.B. is an entity subject to liability under Labor Law § 240 (1) (see Mulcaire v Buffalo Structural Steel Constr. Corp., 45 AD3d 1426, 1428 [4th Dept 2007]). We therefore affirm the order in appeal No. 2.
In appeal No. 1, the appeal must be dismissed to the extent taken by defendants because they are not aggrieved by the subject order (see Wheaton, 50 AD3d at 676; Sutherland v City of New York, 266 AD2d 373, 374-375 [2d Dept 1999], lv denied in part and dismissed in part 95 NY2d 790 [2000]; see generally CPLR 5511). With respect to the merits in appeal No. 1, we conclude that S.A.B. is entitled to contractual indemnification from third-party defendant for the reasons stated in Tanksley v LCO Bldg. LLC (196 AD3d 1037, 1038 [4th Dept 2021]). The court thus erred in denying that motion. We therefore modify the order in appeal No. 2 accordingly.
All concur except Troutman, J., who is not participating.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court