■ MURRAY KRINICK et al., Appellants, v SHARAC RESTAURANT, INC., Doing Business as COOKY'S STEAK PUB, Respondent, et al., Defendants.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated January 11, 1988, as granted the motion of the defendant Sharac Restaurant, Inc. for summary judgment dismissing the complaint as against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

As the plaintiff Murray Krinick was walking from a parking lot on Cathedral Avenue in Hempstead, New York, to Cooky's Steak Pub, located on Fulton Avenue, he was attacked by an unknown assailant who was believed to have been hiding in the common alleyway behind Cooky's and the other retail establishments which fronted on Fulton Avenue.

The plaintiffs commenced this action against the defendant Sharac Restaurant, Inc. (doing business as Cooky's Steak Pub) and others, alleging, *inter alia,* the negligent failure to provide adequate lighting in the area where the attack occurred. Sharac Restaurant, Inc. moved for summary judgment dismissing the complaint and all cross claims as against it. The court granted the motion, concluding in relevant part that the movant was not obligated to illuminate an area abutting a public street which could conceivably provide cover for a criminal intent on attacking persons using the street. We agree.

It is well settled that in order for plaintiffs to prevail on a claim of common-law negligence there must first be a legal duty owed by the defendant to the *(see, Bauer v Town of Hempstead,* 143 AD2d 793). "Foreseeability of harm is alone not enough" *(D'Amico v Christie,* 71 NY2d 76, 87; *Waters v New York City Hous. Auth.,* 69 NY2d 225). Furthermore,

unlike foreseeability and causation, which are generally issues of fact to be resolved by the fact finder, the issue of duty presents a question of law for the courts (see, Eiseman v State of New York, 70 NY2d 175, 187; De Angelis v Lutheran Med. Center, 58 NY2d 1053, 1055). Applying these principles to the facts of this case, we hold that, as a matter of law, Sharac was under no duty to illuminate the rear alleyway of its leased premises, which was used in common with other tenants, to protect against the type of harm incurred by the plaintiff Murray Krinick.

We further conclude that the plaintiffs have failed to set forth any reason to believe that additional discovery would produce evidence which would establish any triable issues of fact (see, Blatt v New York City Hous. Auth., 123 AD2d 591, 593-594, lv denied 69 NY2d 603; La Scala v D'Angelo, 104 AD2d 930).

We have examined the plaintiffs' remaining contentions and find them to be without merit. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.