■ EVELYN BODANESS et al., Appellants, v STATEN ISLAND AID, INC., Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Cusick, J.), dated September 7, 1989, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant Staten Island Aid, Inc. (hereinafter SI Aid), which is operated under the auspices of the New York State Office of Mental Retardation and Developmental Disability, conducted a vocational training/employment program for mentally retarded adults at its facility on Staten Island. SI Aid's admission and transportation policies made it clear that each participant had to provide for his or her own transportation. In addition to assuming no responsibility for the program participants' transportation to and from its facility, SI Aid also disavowed any supervisory responsibility or control over the participants' activities off its premises, before or after hours.

On November 12, 1984, after the daily training program had ended, some of the participants were waiting at the public bus stop on Victory Boulevard to board a bus for home. During some exuberant "horseplay", some of the participants allegedly made contact with the plaintiff Evelyn Bodaness causing her to fall to the ground and sustain serious injuries. Thereafter, the plaintiffs commenced this action against SI Aid alleging that it had been negligent in not supervising and controlling the program participants at the bus stop.

It is well-established that in order to be held liable for negligence, the defendant must owe a duty of care to the plaintiff (Palsgraf v Long Is. R. R. Co., 248 NY 339, 342). Not

all relationships, however, give rise to such a duty *(Pulka v Edelman,* 40 NY2d 781, 785-786). Unlike foreseeability and causation, which are factual issues to be determined by the jury, it is for the court to determine whether one member of society owes a duty to another *(Eiseman v State of New York,* 70 NY2d 175, 187; *De Angelis v Lutheran Med. Center,* 58 NY2d 1053, 1055). In making this decision, the court must consider the larger social consequences of imposing a duty, and tailor any duty to be imposed so as to limit the legal consequences of wrongs to a reasonable scope *(Eiseman v State of New York, supra,* at 187, 188). In an analogous case, the Court of Appeals held that a school's duty to its students was coextensive with and concomitant to its physical custody of and control over the child *(Pratt v Robinson,* 39 NY2d 554, 560). Thus, the duty terminated once the child left the school's premises. Similarly, we find that SI Aid reasonably limited its duty of supervision and control of its program participants to the time when it exercised physical custody and control over them, i.e., on its premises during program hours. Since the incident complained of occurred off the premises and after hours, we find no duty was owed by SI Aid to the plaintiff *(Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1; *Pratt v Robinson, supra,* at 554). Bracken, J. P., Lawrence, Rosenblatt and Ritter, JJ., concur.