■ NORTHERN ASSURANCE CO., LTD., et al., Respondents, v NORMAN W. NICK et al., Defendants, and EASTERN LONG ISLAND APPLIANCE, Appellant. (Action No. 1.) INGRID AIN et al., Respondents, v MAST CAPITAL INVESTORS, LTD., et al., Defendants, and EASTERN LONG ISLAND APPLIANCE SALES AND SERVICE, INC., Appellant. (Action No. 2.) LLOYDS OF LONDON et al., Respondents, v MONTAUK YACHTS CLUB AND INN, Defendant, and EASTERN LONG ISLAND APPLIANCE, Appellant. (Action No. 3.) [610 NYS2d 307] —In three actions to recover damages for injury to property and for personal injuries, Eastern Long Island Appliance appeals from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated May 9, 1991, as denied its motion for summary judgment dismissing all complaints and cross claims insofar as asserted against it.

Ordered that the appeal in Action No. 3 is dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, with one bill of costs to the respondents in Action Nos. 1 and 2.

The instant actions arise from a fire that occurred on the yacht *Lady Louise* while docked at the Montauk Yacht Club. The plaintiffs in all three actions allege that the fire was caused by negligent repairs to a washing machine performed by the defendant Eastern Long Island Appliance (hereinafter Eastern). As a result of the fire, the yacht *Last Chance,* which was docked next to the *Lady Louise,* was damaged and the sum of $95,000 was paid by the insurers of that yacht to its owners. Ingrid Ain was a passenger on another boat and allegedly sustained injuries while fleeing the fire.

The insurers, as subrogees of the owners of the damaged vessel *Last Chance,* commenced Action No. 1 against Eastern,

among others, to recover the amount they had paid on the claim. Ingrid and Martin Ain commenced Action No. 2 to recover damages for personal injuries, etc. Subsequently, Eastern moved for summary judgment on the basis that it did not owe a duty of care to the owners of the damaged yacht or to Ingrid Ain.

We find that the Supreme Court properly denied Eastern's motion for summary judgment. Before a defendant may be held liable for negligence, there must first be a legal duty owed by that defendant to the plaintiff (see, Krinick v Sharac Rest., 144 AD2d 440; Pulka v Edelman, 40 NY2d 781). Whether a duty exists is a question of law for the court (see, Eiseman v State of New York, 70 NY2d 175, 187), which must consider the social consequences of imposing a duty and then tailor the duty in order to limit the legal consequences to a controllable degree (see, Eiseman v State of New York, supra; Bodaness v Staten Is. Aid, 170 AD2d 637; see also, Parks v Hutchins, 162 AD2d 666, affd 78 NY2d 1049). We conclude that Eastern owed a duty to use ordinary care and skill in its activities to avoid danger and injury to the person and property of others (see, Havas v Victory Paper Stock Co., 49 NY2d 381, 386).

We have considered Eastern's remaining contentions and find them to be without merit. Sullivan, J. P., Copertino, Joy and Krausman, JJ., concur.