■ GILL WALKER, by Her Mother and Guardian, MINNIE JACKSON, Respondent, v EHCCI HOME CARE SERVICES, INC., et al., Appellants. [621 NYS2d 301] —Order, Supreme Court, New York County (Carol Huff, J.), entered July 25, 1994, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

"Unlike foreseeability and causation, which are factual issues to be determined by the jury, it is for the court to determine whether one member of society owes a duty to

another." *(Bodaness v Staten Is. Aid,* 170 AD2d 637, 638.) Although defendants assert that their only obligations to plaintiff were "cooking, cleaning and other household tasks", it is not disputed that defendant home care worker had been instructed about the symptoms of MS patients and the emergency circumstances under which an ambulance should be called for a patient, and had actually called "911" on plaintiff's behalf on several occasions. Clearly, defendants owed a duty of care to plaintiff beyond contractual obligations to cook and clean. Whether this duty was breached when plaintiff was left unattended during the home care worker's normal working hours that day and, if so, whether the events that followed were a foreseeable consequence, are, as the IAS Court indicated, questions that involve the reasonableness of defendants' subsequent actions to ascertain plaintiff's whereabouts, and raise triable issues of fact. We have considered defendants' remaining contention and find it to be without merit. Concur —Ellerin, J. P., Wallach, Asch and Nardelli, JJ.