HENRY J. ROTHENBERG, Plaintiff, v ALLAN HORTON, Appellant, and ALEX HORTON, Respondent, et al., Defendant. ALLAN HORTON, Third-Party Plaintiff-Appellant, v W.E.S. TRAILER SALES, INC., Third-Party Defendant-Respondent. (Action No. 1.) ALEXANDER E. HORTON, JR., et al., Respondents, v W.E.S.

TRAILER SALES, INC., Respondent, and HENRY J. ROTHENBERG, Appellant. HENRY J. ROTHENBERG, Third-Party Plaintiff, v ALLAN HORTON, Third-Party Defendant-Appellant-Respondent. (Action No. 2.) [641 NYS2d 213] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: These actions arise from an explosion that destroyed a house owned by Henry Rothenberg (plaintiff in action No. 1) and caused injuries to Alex Horton (plaintiff in action No. 2). The house was rented at the time by Allan Horton, Alex's son, who had installed a clothes dryer in the basement. The dryer was attached to a propane tank that Allan had obtained from Alex without his knowledge or permission.

According to his deposition testimony, Allan smelled gas inside the house on the day of the explosion. He dragged the propane tank, which was leaking gas, away from the house and ran to get his father, a volunteer firefighter who lived nearby. When Alex arrived at the house, he observed a cloud of gas in the back yard. As Alex attempted to disperse the gas with water from a garden hose, the house exploded, causing injuries to Alex.

Rothenberg sued Allan Horton, Alex Horton, and East End Vault, Inc., a business owned and operated by Alex Horton, for damages to his house (action No. 1). Allan Horton commenced a third-party action against W.E.S. Trailer Sales, Inc. (W.E.S.), which had allegedly refilled the propane tank in question. Alex Horton and his wife commenced a personal injury and derivative action against Rothenberg and W.E.S. (action No. 2), and Rothenberg then commenced a third-party action against Allan Horton, Rothenberg's former tenant. After the two actions were joined for trial, the court granted the cross motion of W.E.S. for summary judgment dismissing both the complaint and the third-party complaint against it, granted the cross motion of Alex Horton insofar as it sought summary judgment dismissing Rothenberg's complaint against him, and denied the motion of Rothenberg for summary judgment dismissing the complaint in action No. 2 against him.

Supreme Court properly granted the cross motion of Alex Horton insofar as it sought summary judgment dismissing the complaint in action No. 1 against him. Alex Horton owed no duty of care to his son or to Rothenberg with respect to the tank (see, Ingenito v Robert M. Rosen, P. C., 187 AD2d 487, lv denied 81 NY2d 705; Bodaness v Staten Is. Aid, 170 AD2d 637). Alex established by proof in admissible form that it was taken from him without his knowledge or permission, and no issue of

fact was raised in response thereto. The court erred, however, in dismissing Allan Horton's third-party complaint against W.E.S. Contrary to the contention of W.E.S., Alex Horton's deposition testimony raises issues of fact whether W.E.S. filled the propane tank in question with gas and whether W.E.S. was negligent in doing so (*see generally, Zuckerman v City of New York*, 49 NY2d 557).

We further conclude that the court erred in denying the motion of Rothenberg for summary judgment dismissing the complaint in action No. 2 against him. Alex Horton sought and received disability benefits for injuries sustained in the line of duty as a volunteer firefighter. Where a volunteer firefighter is injured "as a result of the ordinary risks inherent in firefighting, or by the foreseeable consequences of the emergency that the firefighter was summoned to control, the firefighter is barred by the common-law 'fireman's rule' " (*Fiola v Korman*, 189 AD2d 798, 799).

We modify the order, therefore, by reinstating the third-party complaint against W.E.S. in action No. 1 and by granting the motion of Rothenberg for summary judgment dismissing the complaint against him in action No. 2. (Appeals from Order of Supreme Court, Suffolk County, Lama, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Callahan, Balio and Davis, JJ.