◼ LAWRENCE B. WOHL et al., Respondents, v JAY McCLURE et al., Appellants, et al., Defendant. [644 NYS2d 103] —Peters, J.

In September 1989, plaintiffs orally agreed to advance money to defendant Sherwood Associates, Inc. for two fire protection equipment installation projects after being approached by defendants Jay McClure and Michael Walby, president and secretary of Sherwood, respectively. After the moneys were so advanced, the parties disputed the nature of their agreement. While McClure and Walby (hereinafter collectively referred to as defendants) contend that the advances were business investments, plaintiffs characterized their arrangement as a loan advanced upon the assurances of defendants in both their personal and corporate capacities.

Plaintiffs commenced this action seeking to recover $221,799.96, the outstanding balance on the alleged "loan" plus interest. In the second and third causes of action, at issue here, plaintiffs sought recovery from defendants individually, alleging that the sums "loaned" constituted trust funds and that defendants breached their fiduciary duty to plaintiffs by misusing those funds. Plaintiffs further contended that defendants fraudulently induced them to enter into this financial arrangement by misrepresentation. After issue was joined, defendants moved for, inter alia, partial summary judgment dismissing plaintiffs' second and third causes of action. Supreme Court denied the motion and this appeal ensued.*

Upon our review of the record, we find that Walby has made

---

* The notice of appeal was originally filed by both McClure and Walby. Subsequent to that filing, Supreme Court granted the motion of Craig Nisnewitz, counsel for the defendants to, inter alia, withdraw as counsel of record

a prima facie showing of entitlement to summary judgment as a matter of law on the second cause of action by submitting sufficient evidence indicating that the moneys advanced were not trust funds creating a fiduciary relationship between the parties. Notwithstanding plaintiffs' characterization of these moneys, they proffered no evidence to support such contention. Thus, under these circumstances, summary judgment was appropriate (*see*, *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

As to the third cause of action, we find that due to conflicting testimony in the record as to whether defendants "use[d] the corporation as a mere device to further their personal rather than the corporate business" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141), a triable issue of fact exists as to whether to hold defendants personally liable. We note that if defendants are found to have acted in their corporate capacities, an issue of fact will remain as to whether they "personally participate[d] in the [alleged] misrepresentation or have actual knowledge of it" (*Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 44), thus justifying the potential imposition of personal liability.

Accordingly, we modify the order of Supreme Court by reversing that part of the order which denied the motion for summary judgment dismissing the second cause of action and, as so modified, affirm.

Mercure, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the cross motion regarding the second cause of action of the complaint; cross motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed.

---

for McClure based on his failure to cooperate in the defense of this action. Therefore, this appeal is made only on behalf of Walby.