■ SETH KOHL et al., Appellants, v RICHARD H. GREEN et al., Respondents. [651 NYS2d 744] —Casey, J. Appeal from an order of the County Court of Albany County (Breslin, J.), entered June 2, 1995, which reversed a judgment of the City Court of the City of Albany in favor of plaintiffs.

At issue on this appeal is whether plaintiffs adduced sufficient evidence of defendants' failure to exercise reasonable care in the performance of a home inspection to permit the issue to go to the jury. We conclude that plaintiffs presented sufficient evidence for jury resolution of the issue and, therefore, we reverse County Court's order.

Pursuant to plaintiffs' request, defendants, a licensed professional engineer and his professional corporation, agreed to conduct a structural inspection of a residence that plaintiffs were interested in purchasing. Based upon the inspection defendants reported, *inter alia*, that the roof "is in excellent condition". Some two months later, after plaintiffs had purchased the home, they discovered a substantial leak in the roof. Plaintiffs then commenced this action alleging that defendants were negligent in the performance of the inspection. The matter proceeded to trial before a jury in City Court of the City of Albany. At the close of plaintiffs' proof, defendants moved for a trial order of dismissal, claiming that plaintiffs had failed to demonstrate a prima facie case of negligence. City Court denied defendants' motion and, ultimately, the jury found in favor of plaintiffs, awarding them $7,000 in damages. On appeal, County Court concluded that reversal of City Court's judgment was required due to plaintiffs' failure to present expert testimony on the issue of whether defendants, as professional engineers, had exercised the appropriate skill and care required for a structural inspection. This appeal by plaintiffs ensued.

We begin our analysis by noting that, although the parties' relationship arose out of a contract, defendants, as professionals, "may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties" (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 551). Thus, having undertaken to report on the condition of the roof as part of the inspection service contracted for by plaintiffs, defendants may be subject to tort liability for their failure to exercise reasonable care in doing so. That defendants are professionals does not automatically make plaintiffs' tort claim one sounding in professional malpractice, for an action against a professional

sounds in simple negligence when neither specialized knowledge nor expert testimony is necessary to determine whether due care was exercised (*see, De Leon v Hospital of Albert Einstein Coll. of Medicine,* 164 AD2d 743, 748).

Plaintiffs presented evidence that, shortly after they discovered the substantial leak in the roof, a roofer inspected the roof and pointed out numerous, readily observable defects to plaintiff Seth Kohl. In the area of the leak, the roofer pointed out tar and silicone adhesive where someone had attempted a repair. The roofer told Kohl that required flashing had not been installed between the split levels of the house. Upon inspecting the attic, the roofer pointed out numerous wet spots. A general contractor, who examined the roof some two years later, testified that the leak was caused by, *inter alia,* the absence of flashing. In the attic he found evidence, including rot in a main support beam, which indicated to him that the leak had been going on for a period of four years or more. Based upon the evidence presented by plaintiffs at trial, including that outlined above, a jury could reasonably find not only that the roof leaked when defendants conducted the inspection, but also that there were readily observable indications of a substantial leak that had existed for a period of time.

We reject defendants' contention that plaintiffs failed to prove a prima facie case because of the absence of expert testimony to establish the professional standard of care an engineer must employ in conducting a structural inspection. Having undertaken to report on the condition of the roof as part of their inspection service, defendants clearly owed the duty of reasonable care in doing so. In the exercise of reasonable care, it is not unreasonable to expect that defendants, as professional engineers, would observe that which was readily observable to a roofer and/or a contractor. This is not a case of a latent defect, discoverable only by professional analysis and/or testing. Plaintiffs presented evidence that the leak was a patent defect, discoverable by observing that which was readily observable. The jury did not need either specialized knowledge or an expert opinion to determine whether defendants breached their duty to exercise reasonable care when they reported the roof in excellent condition despite the existence of readily observable indications of a substantial leak (*cf., 530 E. 89 Corp. v Unger,* 43 NY2d 776, 777). Our conclusion that the jury did not need specialized knowledge or expert testimony to decide the reasonable care issue in this case, coupled with our prior recognition that an action against a professional sounds in simple negligence when neither special-

ized knowledge nor expert testimony is required to determine whether due care was exercised, necessarily leads to the conclusion that this action sounds in simple negligence, not professional malpractice. County Court's order should be reversed and the judgment of City Court should be reinstated.

Mercure, J. P., Crew III, White and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, and judgment of the City Court of the City of Albany is reinstated.