■ Dolores Hayes, as Executor of Kazimierz Przestrzelski, Also Known as Charles Przestrzelski, Deceased, Respondent, v Niagara Mohawk Power Corporation et al., Appellants. [689 NYS2d 747] —Peters, J. Appeal from an order of the Supreme Court (Best, J.), entered February 5, 1998, in Montgomery County, which, *inter alia*, denied defendants' motions for summary judgment dismissing the complaint.

The relevant undisputed facts underlying a fire which occurred at plaintiff's farm in Montgomery County on August 8, 1994 stem from a discovery by David Przestrzelski, who operated the farm with plaintiff, her husband and her son, that the electric barn cleaner was not functioning on July 27, 1994. Observing the electrical panel box servicing the barn,* Przestrzelski noticed charring between the lower two pull-out fuses. He immediately notified plaintiff about the problem who called defendant Niagara Mohawk Power Corporation on July 28, 1994. It dispatched its representative, Elizabeth Caruso, to the farm who, after investigation, established that there was normal voltage entering and exiting the meter equipment. When plaintiff allowed her access to the inside of the barn where the main fuse box was located, she immediately noticed fire damage on the top of the panel box. Having found what she believed to be the cause of the problem, Caruso ceased her further inspection of the remaining portions of the box. She removed the main fuse, placed it on top of the box and left a warning tag indicating that the damage may have been caused by lightning. Further advising that a replacement of the blown fuses would not serve to correct the problem, Caruso notified plaintiff by a written warning to call an electrical contractor to make the necessary repairs. It is undisputed that the removal of the main fuse did not serve to fully disconnect the electrical service to the panel box and that no additional oral or written instructions or warnings were provided.

Following Niagara Mohawk's advice, plaintiff called defendant Lyle Thompson, a licensed electrician, who came to the farm, inspected the box and recommended its replacement. Przestrzelski asked Thompson if the panel box could be temporarily used to power a water pump for a sick heifer. Thompson contends that after checking the connection between the water pump and the electrical box, he may have advised plaintiff that

---

* Such box was owned by plaintiff.

should a need arise to power the water pump, all fuses should be taken out and the main fuse reinserted for temporary use. It is unclear as to whether Thompson knew or Przestrzelski informed him that power needed to be supplied for 8 to 12 minutes in order to run the pump. Before Thompson left the farm, Przestrzelski attempted to remove the lower main fuse which resulted in smoke emanating from the panel box. Thompson returned and reiterated his former position but cautioned that the box needed to be replaced and someone needed to stand by it during its use should problems arise.

Both Thompson and Caruso acknowledged during their deposition testimony that the conditions they observed were unsafe. Caruso believed that it was obvious that when she pulled out the main fuse and left a warning tag detailing the problem that plaintiff understood that it was not to be used. Thompson acknowledged that although he might have advised that the box could be used temporarily and sporadically to power a water pump for a sick heifer, the box was not to be trusted since the use thereof could cause a fire or explosion. The reason that he had "no idea" of the internal condition of the box was because it was too dangerous for an internal investigation at the time of his inspection.

Przestrzelski, alleging that he believed that "limited" use of the power was permitted and that the main fuse should not be left in for a "long period of time", thereafter used the main fuse to power the water pump for the next several days. On the day of the fire, he not only used the power to run the water pump but also utilized the main fuse for approximately one hour to run the hay conveyor.

After the fire, plaintiff commenced this action against Niagara Mohawk and Thompson seeking damages in the amount of $400,000, alleging that both Niagara Mohawk and Thompson breached their duty to inspect and caution plaintiff against the use of electrical equipment that would not reasonably protect against improper transmission of power. Further, Niagara Mohawk purportedly breached its obligation, pursuant to Public Service Law § 65, to provide safe and adequate electrical services.

Defendants answered, acknowledged their respective duties, and thereafter moved for summary judgment, claiming that plaintiff had not raised a triable issue of fact and that Przestrzelski's use of the panel box was not foreseeable. Plaintiff cross-moved for summary judgment against Thompson. Supreme Court denied all motions, finding triable issues of fact. Defendants appeal.

We begin our analysis by acknowledging the general standard that professionals who agree to inspect are under a duty to exercise reasonable care in reporting on what they find and may be subject to tort liability for their failure to do so (*see, Kohl v Green*, 235 AD2d 671, *lv dismissed* 89 NY2d 1025). Our function on a motion of this kind is issue finding, as opposed to issue determination (*see, Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404), necessitating the denial thereof where a material issue of fact is found to exist "or even arguably exist" (*Lustyik v Manaher*, 226 AD2d 852, 853). Notwithstanding plaintiff's submission of an affidavit from Lawrence Taft, a licensed engineer, who opined that Caruso should have realized the hazardous condition of the panel box and therefore should have provided a warning which clearly advised against the further use of the box, we find that plaintiff did, in fact, follow Niagara Mohawk's advice by engaging an electrician.

Thompson alleges that despite his professional duty, Przestrzelski's conduct, over which he had no control, was an intervening act which broke the chain, if any, of causal connection between his alleged breach and the resultant injury (*see, Holmes v City of Elmira*, 251 AD2d 844). Here, the existence of a triable issue of fact has been demonstrated concerning the advice given by Thompson and the extent of the warnings he provided. Upon these facts, coupled with Taft's opinion that a person with Thompson's experience should have realized that the box was so hazardous that condoning any use of power therefrom would be dangerous, we find that the court below properly denied summary judgment to this defendant (*see, Wohl v McClure*, 228 AD2d 858).

Accordingly, we modify Supreme Court's order by reversing that portion of the order which denied Niagara Mohawk's motion for summary judgment.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Niagara Mohawk Power Corporation, by reversing so much thereof as denied said defendant's motion for summary judgment; said motion granted, summary judgment awarded to defendant Niagara Mohawk Power Corporation and complaint dismissed against it; and, as so modified, affirmed.