■ JOSEPH H. McANDREW, Appellant, v PIERRE HOTEL et al., Respondents. [693 NYS2d 20] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about June 12, 1998, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

We agree with the motion court that defendant hotel's duty to keep its building secure against foreseeable criminal activity did not extend to plaintiff, who, intending to patronize defendant's café, was assaulted on a public sidewalk just as he was about to enter the premises (*see, Waters v New York City Hous. Auth.*, 69 NY2d 225). Absent a duty, it does not avail plaintiff that the canopy defendant erected over its entrance may have made the crime reasonably foreseeable (*see, supra*, at 231; *Krinick v Sharac Rest.*, 144 AD2d 440, *lv denied* 73 NY2d 707). We also reject plaintiff's argument that if defendant did not owe him a duty of security as a business guest, then such a duty was owed to him as a member of the public because of the special use that defendant made of the sidewalk with its canopy. As the motion court indicated, the special use doctrine has up to now been applied only in trip and fall cases, and we decline to extend it so as to impose a duty on abutting landowners to keep a public sidewalk near a building entrance, no matter how configured, secure against criminal activity. We have considered plaintiff's other arguments and find them to be unavailing. Concur—Rosenberger, J. P., Williams, Tom, Wallach and Buckley, JJ.