■ ST. PAUL TRAVELERS COMPANIES, INC., as Subrogee of Blanche, Verte & Blanche, Ltd., Respondent, v JOSEPH MAURO &

Son, Inc., Appellant, and Shore Drugs, Inc. Respondent. (Action No. 1.) Granite State Insurance Company, as Subrogee of Bridal Suite of Bay Shore, Inc., Respondent, v Blanche, Verte & Blanche, Ltd., et al., Respondents, and Joseph Mauro & Son, Inc., Appellant. (Action No. 2.) Hartford Insurance Company, as Subrogee of MK Fur Fashions, Inc., Doing Business as Shore Furs, Respondent, v Blanche, Verte & Blanche, Ltd., et al., Respondents, and Joseph Mauro & Sons, Appellant. (Action No. 3.) Utica First Insurance Company, As Subrogee of MK Fur Fashions, Inc., Doing Business as Shore Furs, Respondent, v Blanche, Verte & Blanche, Ltd., et al., Respondents, and Joseph Mauro & Son, Inc., Appellant. (Action No. 4.) Utica First Insurance Company, as Subrogee of Mary McLoughlin, Respondent, v Blanche, Verte & Blanche, Ltd., et al., Respondents, and Joseph Mauro & Son, Inc., Appellant. (Action No. 5.) Travelers Indemnity Company of America, as Subrogee of Shore Drugs, Inc., Respondent, v Joseph Mauro & Son, Inc., Appellant. (Action No. 6.) [940 NYS2d 123]—

In six related subrogation actions, inter alia, to recover damages for negligence, the defendant Joseph Mauro & Son, Inc., appeals from (1) so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated April 16, 2010, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in action No. 1, (2) so much of a second order of the same court, also dated April 16, 2010, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in action No. 2, (3) so much of a third order of the same court, also dated April 16, 2010, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in action No. 3, (4) so much of a fourth order of the same court, also dated April 16, 2010, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in action No. 4, (5) so much of a fifth order of the same court, also dated April 16, 2010, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in action No. 5, and (6) an order of the same court dated June 30, 2010, which denied its motion for summary judgment dismissing the complaint in action No. 6.

Ordered that the five orders dated April 16, 2010, are affirmed insofar as appealed from; and it is further,

Ordered that the order dated June 30, 2010, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

These six subrogation actions arise from a fire which occurred on October 24, 2002. The fire originated from premises leased to the defendant Shore Drugs, Inc. (hereinafter Shore Drugs), and damaged Shore Drugs' premises and neighboring premises. The plaintiffs, who are insurers, commenced these actions, as subrogees of various business and premises owners who sustained losses as a result of the fire, against, among others, the defendant Joseph Mauro & Son, Inc., named in action No. 3 as Joseph Mauro & Sons (hereinafter Mauro). Mauro is an electrical repair company which was hired by Shore Drugs to perform repair work on an electrical panel box at Shore Drugs' premises several days before the fire. The plaintiffs alleged, inter alia, that Mauro negligently repaired the electrical panel box by merely replacing a burned-out circuit breaker without determining the underlying cause of an overheating problem, and that this negligence was a proximate cause of the fire. Mauro moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in each action. With respect to action No. 6, which was commenced by Shore Drugs' subrogee, Mauro argued, among other things, that the duty of care it owed to Shore Drugs was limited to fixing the problem for which it was called to repair, a "sizzling" sound coming from the electrical panel box. With respect to the other subrogation actions, Mauro argued, inter alia, that it owed no duty of care to the plaintiffs' noncontracting third-party insureds pursuant to *Espinal v Melville Snow Contrs.* (98 NY2d 136 [2002]). The Supreme Court denied Mauro's motions for summary judgment.

Before a defendant may be held liable for negligence, there must first be a legal duty owed by that defendant to the plaintiff (*see Pulka v Edelman*, 40 NY2d 781, 782 [1976]; *Krinick v Sharac Rest.*, 144 AD2d 440 [1988]). Whether a duty exists is a question of law for the court (*see Eiseman v State of New York*, 70 NY2d 175, 187 [1987]), which must consider the social consequences of imposing a duty and then tailor the duty in order to limit the legal consequences to a controllable degree (*id.*; *see Bodaness v Staten Is. Aid*, 170 AD2d 637, 638 [1991]; *see also Parks v Hutchins*, 162 AD2d 666, 670 [1990], *affd* 78 NY2d 1049 [1991]). With regard to Shore Drugs, we conclude that Mauro owed a duty to use ordinary care and skill in its electrical panel box repair activities to avoid danger and injury to the person and property of others, and this duty included investigat-

ing the underlying cause of the problem which it was hired to fix under the circumstances presented (*see Sutherland v Thering Sales & Serv., Inc.*, 38 AD3d 967 [2007]; *Hayes v Niagara Mohawk Power Corp.*, 261 AD2d 748, 750 [1999]; *Northern Assur. Co. v Nick*, 203 AD2d 342, 343 [1994]). In moving for summary judgment, Mauro failed to establish, prima facie, that it did not breach this duty when it performed repair work on the electrical panel box at Shore Drugs' premises, or that any breach of this duty was not a proximate cause of the fire.

As to the noncontracting third-party insureds, generally, a contractual obligation, standing alone, is insufficient to give rise to tort liability in favor of a noncontracting third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 138). However, an exception to this general rule exists where "the promisor, while engaged affirmatively in discharging a contractual obligation, creates an unreasonable risk of harm to others, or increases that risk, sometimes described as conduct that has 'launch[ed] a force or instrument of harm' " (*Regatta Condominium Assn. v Village of Mamaroneck*, 303 AD2d 739, 740 [2003], quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see Espinal v Melville Snow Contrs.*, 98 NY2d at 140-142; *Bienaime v Reyer*, 41 AD3d 400, 403 [2007]). Contrary to Mauro's contention, it failed to meet its initial burden of demonstrating, as a matter of law, with competent evidence, that while repairing the electrical panel box, it did not create an unreasonable risk of harm to others, or increase that risk, as the subrogees of the noncontracting third-party insureds alleged. Instead of affirmatively demonstrating the merit of its defense, Mauro merely pointed to gaps in its opponents' proof, which is insufficient to make out a prima facie showing of entitlement to judgment as a matter of law (*see Peskin v New York City Tr. Auth.*, 304 AD2d 634 [2003]).

Mauro's remaining contentions are without merit.

Accordingly, the Supreme Court correctly denied Mauro's motions for summary judgment, regardless of the sufficiency of the opposition papers (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Rivera, J.P., Leventhal, Roman and Sgroi, JJ., concur.