■ NIGEL HARRIS et al., Respondents, v LANAI HOUSE, INC., Respondent, and MARONEY LANDSCAPING, INC., Appellant. [974 NYS2d 118]—

In an action to recover damages for personal injuries, etc., the defendant Maroney Landscaping, Inc., appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated March 30, 2012, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court did not err in denying the motion of the defendant Maroney Landscaping, Inc. (hereinafter Maroney), for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Pursuant to a written contract with the defendant Lanai House, Inc. (hereinafter Lanai), Maroney was responsible for removing snow from the parking lot where the injured plaintiff's accident occurred. The plaintiffs alleged facts in their complaint and bill of particulars in support of their allegation that Maroney created or exacerbated an alleged dangerous condition. In support of its motion for summary judgment, Maroney was, therefore, required to establish, prima facie, that it did not create or exacerbate an alleged dangerous condition (*see Benavides v 30 Brooklyn, LLC*, 96 AD3d 889, 890 [2012]; *Gushin v Whispering Hills Condominium I*, 96 AD3d 721, 722 [2012]).

Maroney failed to establish that it did not create or exacerbate a dangerous condition by pushing snow behind parked cars. Whether Maroney's snow removal efforts created or exacerbated a dangerous condition and, thus, launched a force or instrument of harm, is a question of fact for a jury (*see Gushin v Whispering Hills Condominium I*, 96 AD3d at 722; *Elsey v Clark Trading Corp.*, 57 AD3d 1330, 1332 [2008]; *Torosian v Bigsbee Vil. Homeowners Assn.*, 46 AD3d 1314, 1316 [2007]; *Keese v Imperial Gardens Assoc., LLC*, 36 AD3d 666, 668

[2007]). Since Maroney failed to make a prima facie showing of entitlement to judgment as a mater of law, we need not examine the sufficiency of the opposition papers (*see Mosca v OCE Holding, Inc.*, 71 AD3d 1103 [2010]). Rivera, J.P., Balkin, Chambers and Sgroi, JJ., concur.