DIANA CHRISTINA HERRERA, Appellant, v JAMES P. GARGISO et al., Respondents. [34 NYS3d 498]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Dufficy, J.), dated October 28, 2015, as denied her motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the facts and in the exercise of discretion, by adding to the first decretal paragraph thereof, after the phrase "denied in all respects," the words "without prejudice to renewal after completion of discovery"; as so modified, the order is affirmed insofar as appealed from, with costs payable to the defendants.

The plaintiff allegedly was injured while she was crossing a street in Queens within a crosswalk when she was struck by a truck operated by the defendant James P. Gargiso and owned by the defendants Dependable Transport, Inc., and ESF Transport, Inc. The plaintiff thereafter commenced this action against the defendants to recover damages for personal injuries. The plaintiff moved for summary judgment on the issue of liability, contending that the defendant driver's negligent operation of the truck was the sole proximate cause of the accident. Although the Supreme Court concluded that the motion was premature, it nonetheless denied the motion in all respects. We modify.

A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment (*see Brea v Salvatore*, 130 AD3d 956 [2015]; *Martinez v 305 W. 52 Condominium*, 128 AD3d 912, 914 [2015]). Although the Supreme Court concluded that it would have been premature to award summary judgment at this stage of the action, it failed to provide for renewal of the motion upon the completion of discovery. The parties' factual accounts of the accident differed substantially, little discovery had taken place, and depositions of the parties had not yet occurred at the time the motion was made (*see* CPLR 3212 [f]; *Takhalov v Rottenberg*, 128 AD3d 678 [2015]; *Malester v Rampil*, 118 AD3d 855 [2014]). Accordingly, the denial of the plaintiff's motion should have been without prejudice to renewal upon the completion of discovery. Mastro, J.P., Dickerson, Austin and Roman, JJ., concur.