■ ANDREW NACHAMIE et al., Respondents, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. (Action No. 1.) DAVID HAUSER et al., Respondents, v GALVIN BROTHERS CONSTRUCTION COMPANY et al., Appellants. (Action No. 2.) [47 NYS3d 58]—

Appeals from two orders of the Supreme Court, Nassau County (Michele M. Woodard, J.), dated May 9, 2014, and October 15, 2014, respectively, in two related actions. The order dated October 15, 2014, insofar as appealed from (1) by five of the defendants in action No. 1, upon reargument, adhered to the determination in the order dated May 9, 2014, denying their prior motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, and (2) by the defendants in action No. 2, granted the motion of the plaintiffs in that action for leave to reargue those defendants' prior motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and, upon reargument, denied those motions.

Ordered that the appeals from the order dated May 9, 2014, are dismissed, as that order was superseded by the order dated October 15, 2014, made upon reargument; and it is further,

Ordered that the order dated October 15, 2014, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the determination in the order dated May 9, 2014, denying that branch of the motion of the defendant DeBruin Engineering, Inc., which was for summary judgment dismissing the cross claims for common-law indemnification asserted against it in action No. 1, and substituting therefor a provision, upon reargument, vacating that determination, and thereupon granting that branch of the motion; as so modified, the order dated October 15, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

In these two related actions, the plaintiffs seek damages for flooding that damaged their homes on August 14, 2011. The plaintiffs are the owners of real property located near or adjacent to Merokee Pond, which is owned by the defendant County of Nassau. On the date of the incident, heavy rain fell, and the pond overflowed its banks, causing flooding damage to the plaintiffs' homes and properties.

At the time of the incident, the County was in the midst of performing an environmental improvement project at Merokee Pond, which involved extensive dredging of the pond. The County hired the defendants Galvin Bros., Inc. (hereinafter Galvin Bros.), Madhue Contractors, Inc., and Galvin Bros., Inc./Madhue Contractors, Inc., a joint venture (hereinafter collectively the Galvin-Madhue defendants) to perform this work. The County engaged the services of the defendant DeBruin Engineering, Inc. (hereinafter DeBruin), to prepare plans and specifications for the project and to perform other work, including inspections of the ongoing work.

In February 2012, the plaintiffs David Hauser and Robin Hauser commenced an action against the County and Galvin Bros., incorrectly sued as Galvin Brothers Construction Company (hereinafter the Hauser action). In November 2012, six plaintiffs, including Andrew Nachamie, commenced an action against the County, DeBruin, the Galvin-Madhue defendants, and the Town of Hempstead (hereinafter the Nachamie action). The County and Galvin Bros. separately moved in the Hauser action for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them in that action, and in an order dated April 3, 2014, the Supreme Court granted those motions. The County, DeBruin, and the Galvin-Madhue defendants separately moved in the Nachamie action for summary judgment dismissing the complaint and all

cross claims insofar as asserted against each of them in that action, and in an order dated May 9, 2014, the court, inter alia, denied, as premature, those separate motions. The County, DeBruin, and the Galvin-Madhue defendants then moved in the Nachamie action for leave to reargue the denial of their motions for summary judgment in that action, and the plaintiffs in the Hauser action moved for leave to reargue the granting of the motions of the County and Galvin Bros. for summary judgment in that action. In an order dated October 15, 2014, the court, upon joining the two actions for discovery and trial, granted reargument, adhered to its determination denying the motions for summary judgment in the Nachamie action, and vacated its prior order in the Hauser action and denied the motions of the County and Galvin Bros. for summary judgment in that action. The County, DeBruin, Galvin Bros., and the Galvin-Madhue defendants appeal.

Upon reargument, the Supreme Court correctly adhered to its determination denying the County's motion for summary judgment in the Nachamie action, and correctly vacated its prior order in the Hauser action and denied the County's motion for summary judgment in that action. The County failed to show that it was entitled to summary judgment based on its prior written notice statute (see Nassau County Administrative Code § 12-4.0 [e]), as the plaintiffs alleged in their respective pleadings that it affirmatively created the alleged defect that caused their damages, and it failed to establish, prima facie, that it did not do so (see McManus v Klein, 136 AD3d 700, 701 [2016]; Carlucci v Village of Scarsdale, 104 AD3d 797, 798 [2013]; Braver v Village of Cedarhurst, 94 AD3d 933, 934 [2012]; Hill v Fence Man, Inc., 78 AD3d 1002, 1004 [2010]).

The County contends that it was entitled to judgment as a matter of law dismissing the Hauser action insofar as asserted against it because the Hauser plaintiffs failed to timely and properly serve it with a notice of claim (see General Municipal Law § 50-e [1] [a]; Bartolotta v County of Wyoming, 231 AD2d 899 [1996]; see also Gonzalez v Board of Educ. of City of Yonkers, 298 AD2d 358, 359 [2002]). However, in opposition to the County's prima facie showing on that issue, the Hauser plaintiffs submitted evidence sufficient to demonstrate the existence of an issue of fact.

Contrary to the County's contention, it failed to establish its prima facie entitlement to judgment as a matter of law by demonstrating that it was entitled to governmental immunity in these actions. The plaintiffs in both actions allege that during the rain storm a "turbidity curtain," used to prevent silt

and debris in the pond from flowing downstream during the dredging operation, became detached from its anchor point and came to rest in an area where it was blocking a grate or drainage culvert. Although a governmental entity may be entitled to immunity from liability arising out of claims that it negligently designed a sewerage or storm drainage system (*see Carbonaro v Town of N. Hempstead*, 97 AD3d 624, 624-625 [2012]; *Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d 781, 782 [2004]), the immunity does not extend to claims that it negligently maintained the system (*see Weiss v Fote*, 7 NY2d 579, 585 [1960]; *Urquhart v City of Ogdensburg*, 91 NY 67, 71 [1883]; *Carbonaro v Town of N. Hempstead*, 97 AD3d at 625; *Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d at 783). Here, even assuming the subject project fell within the ambit of a governmental function, the plaintiffs contend that the County was negligent, inter alia, in its maintenance of the pond and oversight of the dredging operations. Accordingly, the Supreme Court properly rejected the County's contention that it was immune from liability in these actions.

The Supreme Court also correctly determined that the County did not establish its prima facie entitlement to judgment as a matter of law by demonstrating that its conduct was not a proximate cause of the plaintiffs' damages. In support of its motions, the County submitted an affidavit of an expert meteorologist, and an affidavit of an expert engineer, who opined that the drainage system at the pond was not designed to accommodate a storm of that magnitude, and that an overflow would have occurred as a result of the storm, even had a blockage of the drains not occurred. However, there may be more than one proximate cause of an occurrence, and it is generally for the trier of fact to determine the issue of proximate cause (*see Sweet v Perkins*, 196 NY 482, 485 [1909]; *Lukyanovich v H.L. Gen. Contrs., Inc.*, 141 AD3d 693 [2016]; *Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889 [2011]). Here, in support of its motions the County also submitted an affidavit from a County employee who stated that on the date of the incident both of the turbidity curtains became detached, and that one of the curtains then blocked a drain or grate. In light of, inter alia, that evidence, the County failed to establish, prima facie, that the weather was the sole proximate cause of the occurrence (*see Carbonaro v Town of N. Hempstead*, 97 AD3d at 625-626; *Zeltmann v Town of Islip*, 265 AD2d 407, 408 [1999]).

Moreover, in light of, inter alia, the fact that the County has not disclosed any records relating to the ongoing work at the

pond, its summary judgment motions were premature, as facts necessary for the plaintiffs to oppose the motion are exclusively within the knowledge and control of the County (*see* CPLR 3212 [f]; *Herrera v Gargiso*, 140 AD3d 1122, 1123 [2016]).

The Galvin-Madhue defendants, who were independent contractors working on the environmental improvement project, failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against them in the Nachamie action, and Galvin Bros. failed to make that showing in the Hauser action. Contrary to these defendants' contention, they failed to show that they owed no duty of care to the plaintiffs. Generally, an independent contractor owes no tort duty of care to third parties (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). However, there are "three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, 'launche[s] a force or instrument of harm'; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*id.* at 140, quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928] [citations omitted]; *see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 589 [1994]).

The complaints in both of these actions, construed in the light most favorable to the plaintiffs (*see Santos v Deanco Servs., Inc.*, 104 AD3d 933, 934 [2013]), alleged, inter alia, that the first exception to that general rule applies here. The Galvin-Madhue defendants, in their motion in the Nachamie action, and Galvin Bros., in its motion in the Hauser action, failed to establish, prima facie, that they did not "launch a force or instrument of harm" by creating or exacerbating a dangerous condition at the project site, particularly since they submitted no records of the work actually performed at the site (*see Perry-Renwick v Giovanni Macchia Landscaping & Gardening, Inc.*, 136 AD3d 772, 773 [2016]; *Harris v Lanai House, Inc.*, 111 AD3d 603 [2013]; *Gordon v Pitney Bowes Mgt. Servs., Inc.*, 94 AD3d 813 [2012]; *St. Paul Travelers Cos., Inc. v Joseph Mauro & Son, Inc.*, 93 AD3d 658, 661 [2012]). Therefore, they did not demonstrate that they owed no duty of care to the respective plaintiffs.

The Galvin-Madhue defendants and Galvin Bros. also contend that they were entitled to judgment as a matter of law

on the ground that, as independent contractors, they merely relied on plans and specifications supplied by the County and DeBruin. As a general rule, "[a] builder or contractor is justified in relying upon the plans and specifications which he has contracted to follow" (*Ryan v Feeney & Sheehan Bldg. Co.*, 239 NY 43, 46 [1924]; *see Hartofil v McCourt & Trudden Funeral Home, Inc.*, 57 AD3d 943, 945 [2008]; *Gee v City of New York*, 304 AD2d 615, 616 [2003]). A contractor that performs its work in accordance with contract plans may not be held liable unless those plans are "so patently defective as to place a contractor of ordinary prudence on notice that the project, if completed according to the plans, is potentially dangerous" (*West v City of Troy*, 231 AD2d 825, 826 [1996]; *see Hartofil v McCourt & Trudden Funeral Home, Inc.*, 57 AD3d at 945; *Gee v City of New York*, 304 AD2d at 616).

However, the Galvin-Madhue defendants and Galvin Bros. failed to establish, prima facie, that their work was properly performed in accordance with the engineering plans and specifications supplied by the County and DeBruin. Although they submitted an affidavit from a senior project manager who asserted that the turbidity curtains were constructed in accordance with the plans and specifications, he did not refer to any specific records relating to the construction, inspection, or maintenance of the turbidity curtains that formed the basis for his conclusion, and the Galvin-Madhue defendants and Galvin Bros. submitted no such records in the Nachamie action or the Hauser action, respectively. Similarly, although the Galvin-Madhue defendants and Galvin Bros. relied in part on an affidavit from an expert engineer who stated that the turbidity curtains were installed according to the plans and specifications, he did not refer to any specific records regarding the construction or installation of those devices that formed the basis for that conclusion. These defendants also submitted no evidence as to whether any maintenance of the turbidity curtains was required, and whether any such maintenance was properly performed. Therefore, they failed to demonstrate, prima facie, that their work was properly performed in accordance with the plans and specifications provided by the County and DeBruin (*see Miccio v Wade Lupe Constr. Co.*, 207 AD2d 599, 601 [1994]; *cf. Nichols-Sisson v Windstar Airport Serv., Inc.*, 99 AD3d 770, 772 [2012]).

The Galvin-Madhue defendants and Galvin Bros. also failed to establish their prima facie entitlement to judgment as a matter of law based on lack of causation, as they failed to show that the weather was the sole proximate cause of the subject

property damage, and that their allegedly negligent actions did not constitute a contributing cause of the damage (*see Carbonaro v Town of N. Hempstead*, 97 AD3d at 625-626; *Zeltmann v Town of Islip*, 265 AD2d at 408).

Additionally, as the plaintiffs correctly assert, further discovery is warranted with respect to, inter alia, the work actually performed by the Galvin-Madhue defendants and Galvin Bros. at the project site, as those defendants have not yet disclosed any records containing that information (*see* CPLR 3212 [f]; *Herrera v Gargiso*, 140 AD3d at 1123).

DeBruin did not demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint in the Nachamie action insofar as asserted against it. The complaint in that action alleged, inter alia, that DeBruin created or exacerbated the defective condition at the site. In support of its motion, DeBruin failed to establish, prima facie, that it did not "launch a force or instrument of harm," giving rise to a duty of care to third parties (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140). DeBruin's contract with the County gave DeBruin the responsibility for performing certain inspection services at the site, and preparing modified plans as needed. DeBruin submitted no evidence as to the work it performed at the site. Accordingly, it did not establish that it was not negligent in connection with this project (*see Perry-Renwick v Giovanni Macchia Landscaping & Gardening, Inc.*, 136 AD3d at 773; *Harris v Lanai House, Inc.*, 111 AD3d at 603-604).

DeBruin also failed to make a prima facie showing that any negligence on its part was not a proximate cause of the plaintiffs' damages (*see Carbonaro v Town of N. Hempstead*, 97 AD3d at 625-626; *Zeltmann v Town of Islip*, 265 AD2d at 408). DeBruin's remaining contention is without merit.

Since DeBruin did not demonstrate its entitlement to dismissal of the plaintiffs' claims against it, it failed to establish its entitlement to dismissal of the codefendants' cross claims against it for contribution (*see Jones v Rochdale Vil., Inc.*, 96 AD3d 1014, 1018 [2012]; *Torres v W.J. Woodward Constr., Inc.*, 32 AD3d 847, 848-849 [2006]). However, as DeBruin correctly contends, the codefendants failed to assert viable cross claims against it for common-law indemnification (*see Lui v Town of E. Hampton*, 117 AD3d 689, 691 [2014]; *Bleecker St. Health & Beauty Aids, Inc. v Granite State Ins. Co.*, 38 AD3d 231, 233 [2007]). Consequently, upon reargument, the Supreme Court should have vacated its prior determination denying that branch of DeBruin's motion which was for summary judgment dismissing the cross claims for common-law indemnification

asserted against it in the Nachamie action, and thereupon granted that branch of the motion. Rivera, J.P., Chambers, Roman and Brathwaite Nelson, JJ., concur.