■ PAUL FORNUTO et al., Respondents, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. [52 NYS3d 435]—

In an action to recover damages for personal injuries, etc. the defendants County of Nassau, Nassau County Department of Recreation and Parks, and Eisenhower Memorial Park appeal from an order of the Supreme Court, Nassau County (McCormack, J.), entered May 1, 2015, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff Paul Fornuto allegedly was injured in April 2009 when, while he was riding his bicycle in Eisenhower Memorial Park, the wheels lost traction on loose pebbles on a section of a paved trail that had recently been repaired. Seeking to recover damages for his injuries, Fornuto, and his wife suing derivatively, commenced this action against, among others, the County of Nassau, Nassau County Department of Recreation and Parks, and Eisenhower Memorial Park (hereinafter collectively the County defendants). The plaintiffs alleged in their 2012 supplemental verified bill of particulars that the defend-

ants negligently repaired certain potholes by, among other things, failing to clean up loose pebbles resulting from the pothole repair or by performing the repair in a way that the pebbles came loose within a short time after the repair. The County defendants moved for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court denied the motion. The County defendants appeal.

Contrary to their contention, the County defendants were not entitled to summary judgment on the ground that they did not have written notice of the defective path prior to Fornuto's accident. The plaintiffs alleged, inter alia, that the County defendants affirmatively created the dangerous condition by leaving excess patching material at the scene of the repair. Affirmative creation is an exception to the County's prior written notice ordinance (*see* Nassau County Administrative Code § 12-4.0 [e]; *Nachamie v County of Nassau*, 147 AD3d 770, 772 [2017]). Thus, in order to establish their prima facie entitlement to judgment as a matter of law, the County defendants were required to submit evidence that they did not affirmatively create the defect as the plaintiffs alleged (*cf. Yarborough v City of New York*, 10 NY3d 726, 728 [2008]). The County defendants failed to meet this burden (*see Nachamie v County of Nassau*, 147 AD3d at 772).

The County defendants' contention that the plaintiffs' claim is barred by the doctrine of primary assumption of the risk is without merit (*see Cotty v Town of Southampton*, 64 AD3d 251, 256-257 [2009]). The County defendants also failed to establish that, as a matter of law, the defect in the path was trivial (*see generally Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66 [2015]). Finally, the County defendants' contention that they are not liable because the alleged defect was open and obvious is without merit. Simply put, the issue of whether a defect was open and obvious relates to the duty to warn, not to the duty to keep the roadway in a reasonably safe condition (*cf. Custodi v Town of Amherst*, 81 AD3d 1344, 1346-1347 [2011], *affd* 20 NY3d 83 [2012]; *Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 72-73 [2004]; *Cupo v Karfunkel*, 1 AD3d 48, 51-52 [2003]). Accordingly, the fact that a defect is open and obvious does not preclude liability (see *Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 72-73 [2004]; *Cupo v Karfunkel*, 1 AD3d 48, 51-52 [2003]). Since the County defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the County defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.