Corvino v Schineller (2019 NY Slip Op 00259)





Corvino v Schineller


2019 NY Slip Op 00259


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-01769
 (Index No. 608069/16)

[*1]Janet Corvino, appellant, 
v
Joseph H. Schineller, respondent.


TallerGallet LLC, Forest Hills, NY (Y. David Taller and Regis A. Gallet of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered February 16, 2017. The order denied the plaintiff's motion for summary judgment on the issue of liability, without prejudice to renew upon the completion of discovery.
ORDERED that the order is affirmed, with costs.
On December 9, 2015, the plaintiff was operating a vehicle that was involved in an accident with a vehicle operated by the defendant at the intersection of Hicksville Road and North Queens Avenue in Nassau County. The plaintiff subsequently commenced this action against the defendant, alleging negligence and personal injuries. After joinder of issue, but before the note of issue was filed, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion, without prejudice to renew upon the completion of discovery, and the plaintiff appeals.
We agree with the Supreme Court's determination denying the plaintiff's motion for summary judgment on the issue of liability as the parties' factual accounts differ. The plaintiff moved for summary judgment before the parties had an adequate opportunity to conduct discovery, as little discovery had taken place and the depositions of the parties had not yet occurred (see CPLR 3212[f]; Bernstein v New York City Tr. Auth., 153 AD3d 897, 897-898; Sodhi v 112 Park Enters., LLC, 147 AD3d 1000, 1001; Herrera v Gargiso, 140 AD3d 1122, 1123). Moreover, the defendant submitted evidence suggesting that further discovery might lead to relevant evidence pertaining to the circumstances of the accident (see Hawana v Carbuccia, 164 AD3d 563; Worley v Safemove Rental, 120 AD3d 667, 668). The defendant's contention that the plaintiff's motion should have been denied without leave to renew is not properly before this Court. However, we note our concern that, where a motion for summary judgment has been made prematurely, granting leave to renew upon completion of discovery may only encourage the making of premature motions, resulting in successive motion practice and, in turn, successive appeals, thus increasing the burdens on this Court. Motion courts should therefore exercise their discretion with care in deciding whether to give advance permission to a movant to make a successive motion for summary judgment.
MASTRO, J.P., LEVENTHAL, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court